J-S19036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS WALTER MATTHEWS | : | |
| | : | |
| | : | No. 1107 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 21, 2020
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0001114-2013

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JULY 13, 2021**

Curtis Walter Matthews (Matthews) appeals from the judgment of sentence entered in the Court of Common Pleas of Crawford County (trial court) following his conviction of fleeing or attempting to elude a police officer and of Driving Under the Influence of Alcohol (DUI) - general impairment.[1] Matthews challenges the discretionary aspects of his sentence by claiming that it is manifestly excessive and not based on the individualized circumstances of this case and by contending that it is grounded on an incorrect prior record score (PRS).  (***See Anders***' Brief, at 2).  Counsel has filed a brief under

---

* Retired Senior Judge assigned to the Superior Court.

[1] 75 P.S. §§ 3733(a) and 3802(a)(1).  As will be discussed in detail below, Matthews' conviction for DUI - refusal of blood testing at § 3803(b)(2), was vacated on appeal.

*Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw as counsel. We grant the petition to withdraw and affirm the judgment of sentence.

### I.

### A.

The relevant facts and procedural history of this case are as follows. On August 29, 2013, West Mead Township Police Officer Jacob Mushrush (Mushrush) observed Matthews, while driving an SUV, fail to stop at a stop sign. Officer Mushrush pulled Matthews' vehicle over and as he ran its registration, Matthews drove away. During the ensuing five-mile high-speed chase, Matthews failed to stop at several stop signs and a red light, drove in the lane of oncoming traffic, failed to signal and nearly struck other vehicles. When Matthews finally stopped, the arresting officers noted alcohol on his breath and observed that he had difficulty walking and standing. Matthews admitted to drinking one beer and to having an open container of beer in his vehicle. He refused blood testing for alcohol content.

Matthews represented himself at his March 2015 trial. At the conclusion, the jury convicted him of fleeing and eluding a police officer. Matthews had waived his right to a jury trial on the other charges and the trial court convicted him of DUI - general impairment, DUI – refusal of blood testing, along with 15 summary traffic offenses.

At his May 15, 2015 sentencing hearing, Matthews was represented by counsel and the parties and the court discussed his PRS at length. The trial court had provided defense counsel with an explanation of the Adult Probation/Parole Department's PRS calculation before the hearing and advised of its conclusion that Matthews fell into the category of a Repeat Felony 1 and Felony 2 Offender (RFEL). Defense counsel submitted a three-page memorandum to the court regarding the PRS calculation. The court had prepared a chart detailing Matthews' 18 offenses, some of which he committed in Georgia,[2] and had asked the Probation Department to review each offense in ascertaining that Matthews did fall into the RFEL category. (**See** N.T. Sentencing, 5/15/15, 26-31).

The trial court sentenced Matthews to a term of 42-to-84 months' incarceration and to pay a $1,000 fine for the fleeing or eluding from police count. The court determined that the two DUI convictions merged for sentencing purposes and imposed a single sentence of three to six months' incarceration and an enhanced $1,500 fine for the refusal. The trial court ordered that the DUI sentence be served consecutively to the fleeing or eluding sentence.

---

[2] "A prior conviction from another state court, federal court, or foreign jurisdiction is scored as a conviction for the current equivalent Pennsylvania offense." **Commonwealth v. Spenny**, 128 A.3d 234, 242 (Pa. Super. 2015) (citation omitted).

On appeal, we vacated Matthews' conviction for DUI - refusal of blood testing only, affirmed his remaining convictions and remanded the case to the trial court for resentencing on the remaining offenses. (**See Commonwealth v. Matthews**, 227 A.3d 1 (Pa. Super. 2020)).[3]

**B.**

At the resentencing hearing, Matthews was represented by counsel. The court imposed a sentence of 42-to-84 months' imprisonment and a $500.00 fine for the fleeing or eluding conviction and a consecutive term of three to six months plus a mandatory $300.00 fine on the DUI – general impairment count.[4] This timely appeal followed. Matthews and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b).

Matthews' counsel has filed an **Anders** brief in which she avers the appeal is frivolous and requests permission to withdraw from representation. Matthews did not respond to counsel's **Anders** brief.

---

[3] This Court concluded that Matthews' conviction for DUI – refusal should be vacated and the conviction at Count 2 for DUI – general impairment should remain in light of **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), and its progeny, pursuant to which sections of the DUI statute have been held unconstitutional, insofar as they impose enhanced criminal penalties on defendants who refused to consent to a warrantless blood test. (**See Matthews**, **supra** at 7).

[4] Matthews filed two *pro se* motions after the hearing, despite being represented by counsel. Neither filing related to the terms of his resentence. (**See** Trial Court Opinion, 12/16/20, at 3 n.6).

**II.**

**A.**

We first address counsel's petition to withdraw from representation, which must satisfy both procedural and substantive requirements. Procedurally, counsel must: (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he has the right to retain private counsel or raise additional arguments that he deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural requirements. The motion to withdraw as counsel states that she has reviewed the record and concluded that the appeal is frivolous. (*See* Petition to Withdraw as Counsel, 2/24/21, at 1-2). Counsel certifies that she sent a copy of the *Anders* brief and petition to withdraw to Matthews. Additionally, counsel's letter advises Matthews of his right to retain private counsel or raise *pro se* any additional arguments he would like the Court to consider. (*See* Letter from Tina M. Fryling, Esq. to Matthews, 2/24/21).

Regarding the substantive elements, the brief accompanying counsel's petition to withdraw must: (1) summarize the procedural history and facts of record; (2) refer to anything in the record that counsel believes arguably

supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. *See Santiago*, *supra* at 361. Counsel's *Anders* brief summarizes the factual and procedural history of this case, identifies the potential issues challenging Matthews' sentence, and explains the basis for her conclusion that an appeal would be frivolous. Because counsel has complied with these requirements, we "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 355 n.5.

**B.**

As noted, the *Anders* brief challenges the discretionary aspects of Matthews' sentence on two bases.[5] Where an appellant challenges the discretionary aspects of his sentence, the right to appellate review is not absolute. Rather, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test: "(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with

---

[5] A claim that the trial court failed to fashion an individualized sentence raises a challenge to the discretionary aspects of a sentence. *See Commonwealth v. Crawford*, 2021 WL 1325558 at *3 (Pa. Super. filed Apr. 9, 2021). Likewise, "it is well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing." *Commonwealth v. Shreffler*, 249 A.3d 575, 583 (Pa. Super. 2021) (citation omitted).

respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code." ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Matthews has not preserved his issues by discussing them at the resentencing hearing or in a post-sentence motion. However, notwithstanding this omission, because the claims are raised in the context of an ***Anders*** brief, we will consider them to determine their merit. ***See Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001) (holding that ***Anders*** requires the review of issues otherwise waived on appeal in order to rule on counsel's request to withdraw).[6]

## C.

Matthews first claims the trial court imposed an excessive sentence by disregarding the individualized circumstances of this case. He argues that the court should have taken into consideration that his flight from police was precipitated by his belief they "[had] something planned against him . . . [and his concern] that there was more than one officer." (***See Anders*** Brief, at 4, 6).

---

[6] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Shreffler***, ***supra*** at 584 (citation omitted).

The record reflects that the resentencing proceeding was extremely narrow in scope and that the court imposed a nearly identical sentence to that previously imposed. (**See** N.T. Sentencing, 9/18/20, at 16-17). At the May 15, 2015 sentencing hearing, the court offered the following explanation for the sentence as it relates to Matthews and his individualized circumstances:

> Now, the record should indicate that I have read everything and I mean everything relating to Mr. Matthews, and his prior record is abysmal. [In reviewing his prior record] I noticed that in [a prior] trial transcript, Mr. Matthews addressed the jury in the following manner: I'm the only one suffering the consequences and the only one locked up in the county jail away from my son, and my son's birthday is coming up and I'm the one that will be away from my mother and family. It's the same type of argument that he raised in this case. . . . The defendant took extensive liberties with the dignity of the Court, the District Attorney, his own attorney and it was embarrassing to have to sit in front of these 12 people and listen to tirades throughout the trial against the Court and other elements of the legal process[.] . . . There is no question by the defendant's record [that] crime is a way of his life and always will be. . . .
>
> [H]e has learned absolutely nothing. . . [and] thinks he can take the law into his own hands, that society wronged him, the Courts wronged him, the District Attorney wronged him. He's got contempt for you, the District Attorney, for the police, for his own attorney, for the Public Defender's office. . . . And we've got every indication he is going to continue that way. . . .
>
> . . . I sat through the trial and presided over all of the pretrial proceedings involving this case. It is frankly a miracle that no one was hurt. Mr. Matthews' conduct was reprehensible, imposed a tremendous danger to innocent civilians that evening. Everyday people going about their affairs and along comes Mr. Matthews driving at a high rate of speed, at times a very high rate of speed, for zero regard of the safety of others.

(N.T. Sentencing, 5/15/15, at 32-35).

As the above shows, the trial court fully considered Matthews' background, including his extensive criminal history. The court noted Matthews' lack of remorse or accountability, his long-time lack of respect for police and the legal system, and the danger he posed to the public when he engaged in a high-speed chase with police while impaired. The trial court presided over all of the proceedings in this matter and was, therefore, intimately familiar with its details. Additionally, because the court had the benefit of a PRS, we presume that it "was aware of relevant information regarding [Matthews'] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rosario*, 248 A.3d 599, 614 (Pa. Super. 2021) (citation omitted).

Based on the foregoing, we conclude that the trial court did not fail to consider the individualized circumstances of this case in imposing Matthews' sentence. His first challenge to the discretionary aspects of his sentence fails.

**D.**

The crux of Matthews' next claim is that his PRS was incorrectly calculated with regard to two of his prior offenses, thereby impacting his aggregate sentence. Matthews argues an inaccurate score was attributed to a 1973 aggravated assault on a police officer felony conviction for which he claims he was sentenced as a juvenile. Matthews also challenges the grading of a 1984 robbery conviction which he maintains "involved a weapon enhancement that should not have been used" because of his possession of a

firearm.[7] (***Anders*** Brief, at 5). He argues that the offense should be graded as a third-degree felony instead of a second-degree felony because the firearm he used only came into his possession during the robbery. Matthews maintains these miscalculations in his PRS "may have changed the total sentence he received[.]" (***Id.*** at 7; ***see id.*** at 8).

The notes of testimony from the May 2015 sentencing hearing reflect that the trial court undertook a thorough review of Matthews' PRS and considered additional arguments Matthews raised against his classification as a RFEL at the hearing. Regarding the 1973 aggravated assault conviction, the record shows that Matthews was an 18-year-old adult when he committed the offense; he was not a juvenile. Matthews' claim that he was sentenced as a juvenile is belied by the record.

Further, as the trial court notes, Matthews' status as a juvenile offender in the assault case is immaterial concerning sentencing in this case because "Prior juvenile adjudications are counted in the Prior Record Score when the following criteria are met: (1) The juvenile offense occurred on or after the offender's 14th birthday, and (2) There was an express finding by the juvenile

---

[7] Matthews was convicted of robbery graded as a felony of the second degree: "A person is guilty of robbery if, in the course of committing a theft, he inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S. §§ 3701(a)(iv), 3701(b)(1) (providing that robbery under subsection (iv) is a felony of the second degree); (***see also*** Trial Ct. Op., at 8). Use of a firearm is not an element of the crime.

court that the adjudication was for a felony or one of the offenses listed in § 303.7(a)(4)." 204 Pa. Code § 303.6; (**see also** Trial Ct. Op., at 8).

Regarding the 1984 robbery conviction, Matthews' argument appears to conflate the PRS calculation in this case with application of a deadly weapons enhancement at sentencing in his robbery case for firearms use. As the Commonwealth and the trial court point out, the firearm does not change the grading of the robbery conviction for purposes of this case, and it acted only as a sentencing enhancement in the robbery case. (**See** Commonwealth's Brief, at 16; Trial Ct. Op., at 8).

Finally, as this Court observed on direct appeal, "Matthews has failed to allege prejudice by way of asserting that the court erred in determining he was in the RFEL category . . . [because] it would not have affected Matthews' sentence as [] the court had discretion to consider criminal history not included in the PRS calculation." (**Matthews**, **supra** at 10).

In sum, a review of the record demonstrates that the trial court, in conjunction with the Probation Department, carefully considered each of Matthews' prior offenses in arriving at his PRS and in determining an appropriate term of incarceration in this case. Matthews' second challenge to the discretionary aspects of his sentence also fails.

Accordingly, because our independent review of the record does not reveal any non-frivolous issues for our consideration and the reasons set forth

in this memorandum, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Counsel's application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2021