J-S08041-21

2021 PA Super 59

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN SHREFFLER | : | |
| | : | |
| Appellant | : | No. 1790 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 25, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000250-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN SHREFFLER | : | |
| | : | |
| Appellant | : | No. 1791 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 25, 2019
In the Court of Common Pleas  of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000247-2016

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                          **FILED APRIL 6, 2021**

Appellant, Scott Allen Shreffler, appeals from the July 25, 2019,

judgment of sentence entered in the Court of Common Pleas of Mifflin County

_____

[*] Former Justice specially assigned to the Superior Court.

following his conviction by a jury on three counts of delivery of a controlled substance.[1]  After a careful review, we affirm.

We glean the following relevant facts and procedural history from the record: On March 21, 2016, the police conducted a controlled buy at Appellant's house between Appellant and a then-confidential informant ("CI"),[2] who purchased crack cocaine.  N.T., 3/21/17, jury trial, at 34-39.  As a result of this purchase, the police obtained a warrant to intercept communications inside of Appellant's home.

On March 25, 2016, the police conducted a second controlled buy between Appellant and the CI, who was wearing a wire.  *Id.* at 45-51.  The CI purchased heroin from Appellant.  *Id.* at 51-52.  On March 28, 2016, the police conducted a third controlled buy at Appellant's house between Appellant and the CI, who was again wearing a wire, at which time the CI purchased Buprenorphine pills. *Id.* at 60-65.

_____

[1] 35 P.S. § 780-113(a)(30).  Two counts are docketed at CP-44-CR-0000250-2016 ("250-2016"), and one count is docketed at CP-44-CR-0000247-2016 ("247-2016").
    As discussed *infra*, Appellant previously filed a direct appeal and, after a careful review, this Court vacated Appellant's judgment of sentence and remanded for Appellant to file an amended suppression motion. *Commonwealth v. Shreffler*, 201 A.3d 757 (Pa.Super. 2018).  On remand, the trial court denied Appellant's amended suppression motion and, in accordance with our previous Opinion, the trial court re-imposed Appellant's judgment of sentence.  *Id.*  The matter is now before this Court again on direct appeal.

[2] The CI was later identified and testified at trial.

Later that evening, the police obtained and executed a search warrant at Appellant's house. *Id.* at 72-87. They seized a bottle of Buprenorphine pills. *Id.* at 87. Following Appellant's arrest, the police recovered from Appellant's wallet the money used by the CI to purchase the Buprenorphine pills. *Id.* at 80-81.

On August 22, 2016, Appellant filed a counseled pre-trial motion seeking the identity of the CI, and on November 16, 2016, Appellant filed a supplemental pre-trial motion seeking to suppress the evidence obtained as a result of the wiretap. In the suppression motion, Appellant presented various arguments related to the March 25 and 28, 2016, recordings from the wiretap worn by the CI during the second and third controlled buys. He argued the Commonwealth failed to comply with various sections of the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"), 18 Pa.C.S.A. §§ 5701-5782.

Following hearings on the matter, the trial court denied Appellant's initial and supplemental pre-trial motions. The trial court scheduled a jury trial to begin on March 21, 2017. That morning, Appellant filed a motion *in limine* seeking to preclude the use of the intercepted communications on the basis the Commonwealth failed to disclose the application, supporting affidavit, and final report as required under Pa.R.Crim.P. 573(B)(1)(g). The trial court denied the motion.

The jury trial commenced, and during trial, the Commonwealth played the March 25 and 28, 2016, recordings of the conversations between Appellant and the CI. The CI testified the March 25, 2016, recording pertained to his purchase of heroin from Appellant. *Id.* at 141. Regarding the March 28, 2016, recording, the CI confirmed his voice and Appellant's voice were on the recording. *Id.* No party introduced the wiretap application, affidavit of probable cause, or the final report into evidence.

At the conclusion of the trial, the jury convicted Appellant of the charges indicated *supra*, and following a pre-sentence investigation, the trial court held a sentencing hearing on May 26, 2017.

During the sentencing hearing, Appellant's counsel recognized the trial court had before it "an extensive" pre-sentence investigation report to review. N.T., 5/26/17, at 3. Appellant's counsel noted Appellant has "some significant health issues." *Id.* at 5. The trial court acknowledged Appellant has "back and leg issues." *Id.*

Appellant addressed the trial court and indicated he wished to acknowledge that he had been disrespectful previously on the day of jury selection, and he wanted "to take an opportunity to apologize for [his] actions that day." *Id.* at 11. Appellant also indicated the following:

> When I went upstate, when [*sic*] I was 17, I was thrown into the prison riots which were in Camp Hill three weeks later. My federal litigation, I spent seven and a half, eight years finding out the law. I like to concentrate on myself.
>
> If I was being released today, I would be the first one to say I'm not ready to go back into society. I'm bitter. I got hatred in

me. I was on solid ground when I got out last time. I wouldn't want to leave today. Like, I got bad stuff in my head. You know, I got problems with my bipolar, my manic, the rants. I went to my counselor, [and] we were addressing mental health issues that resulted in this new criminal charge.

I understand the notes that [the District Attorney] received and how they are viewed, but things were taken highly out of context. There [are] things that shouldn't have been said that aren't on that level. That's all the result of the mental health issues I was having especially at that time, not being on my manic, bipolar medications and other problems.

*Id.* at 13-14.

The District Attorney informed the trial court that the pre-sentence investigation report contained detailed information regarding Appellant's adult criminal record. *Id.* at 14. The District Attorney noted Appellant has a "quite lengthy" record, including "felonies [and] drug cases since the 1980s," which should be considered in sentencing Appellant. *Id.*

The District Attorney further noted Appellant's criminal record includes "federal drug distribution charges" and demonstrates "a longstanding pattern of misbehavior in the community, which has gotten [Appellant] to where [he is] today." *Id.* at 18. The District Attorney indicated that, given Appellant's "long history of drug crimes both here and in other places[,]" it agreed with the probation office's sentencing recommendations, which were included in the pre-sentence investigation report. *Id.* The Commonwealth urged the trial court to examine Appellant's adult criminal record and the recommendations of the probation office contained in the pre-sentence investigation report. *Id.*

Additionally, the Commonwealth indicated it had requested and given notice of its intent to seek application of 35 P.S. § 780-115. The Commonwealth suggested application of the sentencing enhancement was "appropriate in this matter based on [Appellant's] long history of drug crimes both here and in other places." *Id.*

Appellant's counsel recognized the pre-sentence investigation report correctly stated the offense gravity scores and included the relevant sentencing guidelines. *Id.* at 19-21. Appellant's counsel requested that the trial court not apply Section 780-115's sentencing enhancement since the effect would be to "double count" Appellant's prior drug offenses, which are part of his prior record score. *Id.* at 19.

Moreover, Appellant's counsel questioned whether Appellant's prior record score is "a five" as indicated in the pre-sentence investigation report or is actually "a four." *Id.* at 21-23. In this regard, Appellant's counsel indicated Appellant's prior lengthy criminal record, which included Pennsylvania state charges, federal charges, and out-of-state charges, is confusing. *Id.*

Appellant suggested his Florida drug conviction is the equivalent to a Pennsylvania possession of paraphernalia conviction. *Id.* at 22-23. In this vein, Appellant claimed he possessed solely "an empty bag of heroin" in Florida. *Id.* at 23. Appellant's counsel then provided the trial court with the

standard range sentences for Appellant's convictions if his prior record score is, in fact, four. *Id.* at 23-24.

With regard to the remaining portions of the pre-sentence investigation report, Appellant's counsel indicated:

> The rest of the pre-sentence investigation report, as [the trial judge] indicates, certainly there was a lot of interview time put in there. It lists a lot of the health issues that [Appellant] testified to here or stated, his medical concerns. It also details, you know, a history of mental health, psychiatric issues, substance abuse. Certainly—and [Appellant] I think from his comments to the Court recognizes that he has mental health needs that he needs to continue to address.

*Id.* at 24.

Regarding Appellant's prior record score, the District Attorney indicated the probation office properly determined Appellant "is a five" based on his prior record. *Id.* at 26.

The trial court indicated that it agreed Appellant's prior record score is "a five," and it was applying the sentencing enhancement under Section 780-115. *Id.* at 27. The trial court then sentenced Appellant to 32 months to 64 months in prison for delivery of Buprenorphine, 32 months to 64 months in prison for delivery of cocaine, and 42 months to 84 months in prison for delivery of heroin. The trial court indicated the sentences would run consecutively, and thus, the aggregate sentence was 106 months to 212 months in prison.

Thereafter, Appellant filed a motion to clarify his sentence, which the trial court granted, in part. Specifically, the trial court indicated it erred by

sentencing Appellant to a term exceeding the five year statutory maximum for distribution of Buprenorphine. Trial Court Order, filed 8/9/17. Thus, the trial court corrected the original sentence of 32 months to 64 months in prison for delivery of Buprenorphine to 30 months to 60 months in prison. *Id.* The trial court directed the remaining sentences would be unchanged, and the sentences would continue to run consecutively. *Id.* Thus, Appellant's corrected aggregate sentence was 104 months to 208 months in prison. *Id.*

Appellant filed a timely, counseled post-sentence motion, which the trial court denied on August 4, 2017. Thereafter, Appellant filed a timely notice of appeal, which was docketed in this Court at 1375 MDA 2017 and 1376 MDA 2017.[3]

On appeal, Appellant averred the trial court erred in failing to suppress the intercepted communications on the basis the Commonwealth failed to comply with various sections of the Wiretap Act. *See Commonwealth v. Shreffler*, 201 A.3d 757 (Pa.Super. 2018). He also alleged the order authorizing the in-home wiretap was discoverable under Pa.R.Crim.P. 573(B)(1)(g), pertaining to mandatory disclosure by the Commonwealth.[4] *See id.*

_____

[3] This Court consolidated the appeals.

[4] Appellant also presented a sentencing claim in this appeal; however, given the disposition of the appeal, this Court did not address Appellant's sentencing claim.

Following a thorough review, a panel of this Court relevantly held the following:

> Appellant moved to exclude the wiretapped conversations on the basis that the Commonwealth failed to provide the affidavit of probable cause, wiretap application, and order approving the wiretap. At the hearing on the motion, Appellant accurately noted that the Commonwealth bore the burden of establishing probable cause for the wiretap order. The Commonwealth's argument that only the court could unseal the requested documents is in tension with [subsections] 5721.1(c)(4) and (c)(5) [of the Wiretap Act]….[T]hose subsections state that in considering a motion to exclude under those subsections, the Commonwealth generally bears the burden of proof.
>
> But even if section 5721.1 did not apply, the Commonwealth failed to comply with its mandatory discovery obligations under Pa.R.Crim.P. 573(B)(1)(g). Rule 573(B)(1)(g) obligated the Commonwealth to disclose the authority for the wiretap. *See* Pa.R.Crim.P. 573(B)(1)(g). The Commonwealth did not.
>
> The Commonwealth attempts to evade responsibility by shifting the burden to Appellant to file a motion to unseal. But the Commonwealth, in response to an appropriate motion to suppress, has the burden of establishing, by a preponderance of the evidence, that it had consent or probable cause, or both. *See* 18 Pa.C.S.A. § 5721.1(c)(4), (c)(5). It cannot sidestep its burden of proof by claiming that Appellant had the burden of filing a motion to unseal. *See id.*
>
> Given our Supreme Court's admonition that the Wiretap Act must be strictly construed to preserve the fundamental Pennsylvania constitutional right of privacy, Appellant need not establish any prejudice from the Commonwealth's procedural violations. Accordingly, having discerned an error of law, we are reluctantly compelled to vacate Appellant's judgment of sentence, vacate the order denying Appellant's post-sentence motion, vacate the January 17, 2017, order denying Appellant's [suppression] motion, and remand for a new suppression hearing. The Commonwealth must file a motion to unseal the affidavit of probable cause, order authorizing the wiretap, and documentation evidencing consent, and also provide them to Appellant's counsel. Appellant's counsel may file an amended motion to suppress based upon the sealed documents and the trial court has the discretion to hold a new suppression hearing. **If the trial court**

**again denies Appellant's suppression motion, then it shall reimpose the corrected sentence, and Appellant is entitled to his post-sentence and appellate rights**.

*Shreffler*, 201 A.3d at 767 (citations omitted) (emphasis added).[5]

Upon remand, the Commonwealth filed the motion to unseal and produce the required items, which the trial court granted on February 1, 2019. Appellant filed an amended motion to suppress evidence, and the trial court held a suppression hearing on June 17, 2019.

By order filed on July 25, 2019, the trial court denied Appellant's amended motion to suppress, and, in accordance with this Court's December 21, 2018, Opinion, the trial court re-imposed Appellant's judgment of sentence.

Appellant filed a timely, counseled post-sentence motion at each lower court docket number, and by order filed on October 1, 2019, the trial court denied the post-sentence motions. On October 29, 2019, Appellant filed a timely, counseled separate notice of appeal at each lower court docket number, and this Court consolidated the appeals. On November 4, 2019, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement,[6] Appellant

---

[5] This Court relinquished its jurisdiction. *See id.*

[6] We note the trial court's order informed Appellant he had twenty-one days to file a Rule 1925(b) statement, the statement shall be filed of record and served upon the judge, and any issue not properly included in the Statement would be deemed waived. *See* Pa.R.A.P. 1925(b)(3). Moreover, the trial court's Rule 1925(b) order was served upon Appellant's counsel at his mailing address on November 4, 2019.

timely complied on November 21, 2019, and the trial court filed a brief Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1. Did the trial court abuse its discretion by permitting the jury to review transcripts of tape-recorded conversations during its deliberation when the trial court did not issue any cautionary instructions either at the time of the playing of the audio tape during the trial nor at the time the trial court provided the tape-recorded conversations to the jury for its deliberations?

2. Did the trial court abuse its discretion when, in sentencing Defendant, it incorrectly calculated Defendant's prior record score and sentencing guidelines?

3. Did the trial court abuse its discretion when, in sentencing Defendant, it applied the doubling provisions of 35 P.S. § 780-115 when the Defendant had not been previously convicted of 35 P.S. § 780-113(a)(30) or an equivalent offense outside of the Commonwealth of Pennsylvania?

Appellant's Brief at 4-5.

In his first issue, Appellant contends the trial court abused its discretion in permitting the jury to review a written transcript of the tape-recorded conversations between Appellant and the CI, who was wearing a wire. Specifically, he avers the trial court erred in permitting the jury to view the written transcript during deliberations since the transcript was never entered into evidence, and additionally, the trial court failed to give a cautionary instruction. In response, the Commonwealth avers Appellant has waived this issue on appeal.

Initially, we agree with the Commonwealth that Appellant waived his first issue by failing to include it in his court-ordered Rule 1925(b) Statement. In his Rule 1925(b) statement, the sole issue Appellant presented with regard to the subject transcript is as follows:

> Despite the poor quality of the recordings of the intercepted oral in-home communications of [Appellant], those recordings were admitted erroneously into evidence at trial without first providing [Appellant] with transcripts of same in a timely manner consistent with the requirements of the Wiretap Act and the Rules of Criminal Procedure relating to discovery.

Appellant's Rule 1925(b) Statement, filed 11/21/19, at 1-2 ¶ 2.

As is evident, in his Rule 1925(b) statement, Appellant contended the trial court erred in admitting the audio recordings of the tape-recorded conversations between Appellant and the CI because Appellant was not provided with written transcripts of the recordings prior to trial. However, in his appellate brief, Appellant abandons this claim, and he now alleges the trial court erred in permitting the jury to view the written transcripts of the tape-recorded conversations during deliberations. Accordingly, we conclude Appellant's first issue is waived on this basis. ***Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005) (holding issues not raised in a Rule 1925(b) statement will be deemed waived for appellate review).

Additionally, we conclude Appellant's first issue is waived since, as Appellant concedes in his appellate brief, "trial counsel did not object to the trial judge providing the transcript of the audio recording to the jury." Appellant's Brief at 26.

- 12 -

In this regard, we note that, during deliberations, the jury asked, "[C]an we have a transcript of the audio recordings from the controlled buys?" N.T., 3/21/17, at 297. The trial court indicated it was not going to provide the transcript to the jury, and neither counsel objected. *Id.* at 298-99. However, the jury subsequently asked two additional questions and, after answering these questions, the trial court informed the parties that it was reconsidering its ruling as to the jury's request for the transcript of the audio recordings. *Id.* at 300.

The trial court stated, "If we have an agreement, I don't have a problem" giving the jury the transcript. *Id.* The trial court further stated, "Unless I would hear an objection from somebody otherwise, I wouldn't have a problem with it. I read it to them. I wouldn't have a problem if they looked at it." *Id.* at 302. Further, the trial court indicated "[I]t's a regurgitation of what was on the audio, I don't have a problem with that unless I hear a stern objection otherwise to rule on it." *Id.* at 303. Neither party objected. *See id.* at 302-307.

It is well-settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Since Appellant did not object to the jury reviewing the written transcript of the

tape-recorded conversations during deliberations, and he did not request a cautionary instruction, we find this issue to be waived.[7] ***See id.***

In his next issue, Appellant contends the trial court abused its discretion in imposing a manifestly excessive sentence based upon an incorrect prior record score. Specifically, Appellant contends "he believes" his prior record score is "four," but the trial court used a prior record score of "five." ***See*** Appellant's Brief at 33.

It is well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing. ***See Commonwealth v. Sanchez***, 848 A.2d 977, 986 (Pa.Super. 2004) (holding miscalculation of prior record score "constitutes a challenge to the discretionary aspects of [a] sentence"). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue

---

[7] To the extent Appellant contends trial counsel was ineffective in failing to object to the jury viewing the transcript during deliberations and/or in failing to request a cautionary instruction, we dismiss the claim without prejudice to Appellant's right to raise the claim on collateral review. ***See Commonwealth v. Holmes***, 621 Pa. 595, 79 A.3d 562, 583 (2013) (claims of ineffective assistance of trial counsel in Pennsylvania generally are deferred to PCRA review and generally are not available on direct appeal); ***Commonwealth v. Grant***, 572 Pa. 48, 813 A.2d 726 (2002). While the Pennsylvania Supreme Court has recognized limited exceptions to this rule, there is no indication that those exceptions apply in the instant case or that Appellant has waived his right to collateral review. ***See Holmes***, ***supra***. ***See also Commonwealth v. Delgros***, 646 Pa. 27, 183 A.3d 352, 361 (2018).

as a petition for permission to appeal. *See Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super. 2010).

Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, Appellant filed a timely appeal, and he preserved his issue at the sentencing hearing, as well as in a post-sentence motion. His appellate brief also contains the requisite 2119(f) concise statement. Furthermore, this Court has held that a claim that a trial court miscalculated the appellant's prior record score raises a substantial question. *Commonwealth v. Spenny*, 128 A.3d 234, 242 (Pa.Super. 2015). We, therefore, turn to the merits of Appellant's issue.

It is well-settled that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

Appellant takes issue with the trial court including in his prior record score his drug conviction in Florida. As Appellant admits, "[i]n order to determine the prior record score of [Appellant], this…Court must look to the Pre-Sentence Investigation Report[.]" Appellant's Brief at 33. However, neither the pre-sentence investigation report nor a copy of the sentence guideline form utilized by the trial court in calculating Appellant's sentence is included in the certified record.[8]

"It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company*, 804 A.2d 31, 34 (Pa.Super. 2002) (quotation omitted)). Ordinarily, we can only consider documents which are part of the certified record. *Roth Cash*

---

[8] In the appellate brief, Appellant's counsel, who was appointed for purposes of appeal, recognizes the trial court accepted the probation office's calculations of Appellant's prior record score, and these calculations are included in the pre-sentence investigation report. Appellant's Brief at 36-37. Appellant's counsel also acknowledges the pre-sentence investigation report is not in the record. *See id.* However, Appellant's counsel has not explained what steps he took to ensure the pre-sentence investigation report was included in the certified record and/or why he was otherwise prevented from seeking a copy of the pre-sentence investigation report.

***Register Company, Inc. v. Micro Systems, Inc.***, 868 A.2d 1222, 1223

(Pa.Super. 2005). Absent the pre-sentence investigation report or sentence

guideline form, we cannot review the calculations utilized by the trial court in

determining Appellant's prior record score.[9]

In his final claim, Appellant contends the trial court erred in applying the

sentencing enhancement provided for in 35 P.S. § 780-115. Specifically, he

---

[9] In any event, we note:

> A prior conviction from another state court, federal court, or foreign jurisdiction "is scored as a conviction for the current equivalent Pennsylvania offense." 204 Pa.Code § 303.8(f)(1). If there is no current Pennsylvania equivalent, the trial court must base the grading of the crime on the maximum sentence allowed; if the grade of the prior felony conviction is unknown, it must be treated as an F3. 204 Pa.Code § 303.8(d)(2), (f)(3).
>
> ***
>
> [W]hen determining the Pennsylvania equivalent statute for a prior, out-of-state conviction for prior record score purposes, courts must identify the elements of the foreign conviction and on that basis alone, identify the Pennsylvania statute that is substantially identical in nature and definition to the out-of-state offense. Courts are not tasked with ascertaining the statute under which the defendant would have been convicted if he or she had committed the out-of-state crime in Pennsylvania. Rather, we must compare the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability to determine the Pennsylvania equivalent offense.

***Spenny***, 128 A.3d at 242, 250 (footnote, quotation marks, quotations omitted).

Instantly, during the sentencing hearing, Appellant suggested his Florida drug conviction should be scored equivalent to a possession of paraphernalia charge in Pennsylvania because what he possessed in Florida was actually "an empty bag of heroin." N.T., 5/26/17, at 22-23. The trial court rejected Appellant's bald, self-serving argument.

avers the trial court had no statutory authority to apply the sentencing enhancement since he has not been convicted of a prerequisite "second or subsequent offense" in Pennsylvania or outside of Pennsylvania.

Appellant's claim implicates a challenge to the legality of his sentence. *See Commonwealth v. Warren*, 84 A.3d 1092 (Pa.Super. 2014) (holding claim challenging the trial court's interpretation of and authority to impose enhancement under 35 P.S. § 780-115 implicates a question of law); *Commonwealth v. Watson*, 945 A.2d 174 (Pa.Super. 2008) (holding claim there is no statutory authority to impose enhancement under 35 P.S. § 780-115 presents challenge to legality of sentence). Accordingly, "our scope of review is plenary, and our standard of review is de novo." *Commonwealth v. Dixon*, 53 A.3d 839, 842 (Pa.Super. 2012) (citations omitted).

Section 780–115 of Title 35, a recidivist statute for drug offenders, is a discretionary sentencing enhancement statute. Specifically, the statute relevantly provides:

> **§ 780-115. Second or subsequent offense**
>
> (a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
>
> (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to the commission of the second offense, the offender has at any time been convicted under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state relating to controlled substances.

35 P.S. § 780-115(a), (b) (footnote omitted).

Here, Appellant baldly asserts he has not committed a second or subsequent offense as is required for the application of 35 P.S. § 780-115. He contends the trial court's reliance on the probation office's pre-sentence investigation report as to Appellant's prior drug offenses was erroneous.[10] *See* Appellant's Brief at 40.

However, as with Appellant's previous sentencing issue, our meaningful review is hampered by Appellant's failure to ensure the certified record contains the necessary pre-sentence investigation report. *See Everett Cash Mutual Insurance Company*, *supra*. Even though Appellant presents a challenge to the legality of his sentence, such an issue may be waived on appeal where it is underdeveloped and/or the appellant fails in his obligation to ensure the certified record is sufficient for review. *See generally Commonwealth v. Gibbs*, 981 A.2d 274 (Pa.Super. 2009).

Here, Appellant baldly asserts he has not been convicted of a second or subsequent offense. Further, he acknowledges meaningful review is hampered

---

[10] In its opinion, the trial court indicated it relied on, *inter alia*, information provided by the probation office during Appellant's pre-sentence investigation, and the court applied 35 P.S. § 780-115(a) based on Appellant's prior record, history of drug crimes, and the relevant statutory language. *See* Trial Court Opinion, filed 10/28/17, at 2.

in this case by the absence of the pre-sentence investigation report and record pertaining to his prior convictions.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/06/2021