J-S15013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAUL CARABALLO | : | |
| | : | |
| Appellant | : | No. 1694 EDA 2020 |

Appeal from the PCRA Order Entered August 10, 2020
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0002316-2016

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED OCTOBER 5, 2022**

Raul Caraballo ("Caraballo") appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This case arises from a December 2015 incident in which Joshua Flores ("Flores") was standing outside his house near his parked car, and Caraballo drove by and nearly struck the car.  Flores slapped the back of Caraballo's car in anger.  Caraballo stopped his car, got out, and shot Flores in the knee.  A jury convicted Caraballo of aggravated assault, and one count of recklessly endangering another person, and the trial court imposed a term of nine to twenty years of imprisonment.  **See Commonwealth v. Caraballo**, 2019 WL 1417864 at *1-3 (Pa. Super. 2019) (unpublished memorandum).

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

On direct appeal, through new counsel, Albert Nelthropp, Esquire ("Nelthropp"), Caraballo asserted that the trial court abused its discretion by not permitting him to dismiss his trial counsel, David A. Nicholls, Esquire ("Nicholls"), and proceed *pro se*. Caraballo alleged that Nicholls repeatedly sought to withdraw from representation and the trial court had been compelled to intercede and even participate in questioning witnesses. Caraballo further alleged that Nicholls cursed at him and that they had an "irreconcilable relationship" that warranted permission to proceed *pro se*. **See id**. at *2. We determined that the trial court did not abuse its discretion in denying Caraballo's request to proceed *pro se* because he had not timely requested permission to proceed *pro se*, and because he acted disruptively at trial. We additionally noted that the trial court had permitted Caraballo to conduct his own inquiries of witnesses and encouraged Nicholls to consult with Caraballo about questions to ask witnesses. Furthermore, in at least one instance Caraballo's proposed inquiries actually detracted from the defense. **See id**. at *2-3 and n.2.

Caraballo filed a timely PCRA petition *pro se*, and the PCRA court appointed PCRA counsel, Sean Thomas Poll, Esquire ("Poll"), to represent him. Caraballo became dissatisfied with Poll and filed a request to remove him along with a complaint to the Disciplinary Board. Poll filed a petition to withdraw, which the PCRA court granted. The PCRA court appointed a new PCRA attorney, Alfred Stirba, IV, Esquire ("Stirba"). Stirba subsequently filed

a **Finley**[2] no-merit letter and a request to withdraw as counsel. The PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Caraballo's petition. Caraballo responded *pro se* to Stirba's **Finley** letter, asserting that Stirba was ineffective for filing a **Finley** letter and not alleging, among other claims, that Caraballo's "actual conflict" with Nicholls deprived him of a fair trial. **See** Motion in Response to **Finley** letter, 6/23/20, at 22-40 (unnumbered). The PCRA court dismissed Caraballo's PCRA petition and granted Stirba's petition to withdraw. Caraballo filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

We summarize the issues in Caraballo's *pro se* brief as follows: (1) whether irreconcilable differences between Caraballo and Nicholls existed and actually or constructively denied Caraballo's right to counsel at trial; and (2) whether Stirba was ineffective, on PCRA, for failing to develop Caraballo's issue that he was actually or constructively denied the right to counsel. **See** Caraballo's Brief at 3. Additionally, Caraballo's statement of questions also raises another issue which he states as follows:

> Did this Court err in not correcting the record, when this Court was made fully aware of the fact prior to petitioner['s] jury trial, [that] petitioner sent a very detailed letter to this Court about various conflicts, and letter to the P.A. [sic] disciplinary board on counsel.

Caraballo's Brief at 3 (unnecessary capitalization omitted).

---

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In his first two issues, Caraballo asserts that the PCRA court erred in dismissing his petition because Stirba, his most recent PCRA counsel, was ineffective for failing to develop a claim that trial counsel, Nicholls, operated under an actual conflict of interest that actually or constructively denied him his right to counsel. This Court's standard for reviewing the dismissal of PCRA relief is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (citations and quotations omitted). A claim for PCRA review is waived if petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding. 42 Pa.C.S.A. § 9544(b).

Generally, a claim of ineffective assistance of counsel requires a petitioner to establish that: (1) the underlying issue has arguable merit, (2) counsel's actions or inactions lacked a reasonable basis; and (3) counsel's actions or inactions resulted in actual prejudice. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011). A layered ineffectiveness claim requires a PCRA petitioner to properly establish each prong of the three-prong ineffectiveness test for each separate attorney. *See id*. The critical inquiry

in assessing a layered claim of ineffectiveness is whether the earliest attorney whose ineffectiveness is being asserted was, in fact, ineffective. If there is no merit to the claim of the earliest counsel's ineffectiveness, then all subsequent counsel cannot be held ineffective for failing to raise and preserve a meritless claim. **See id**. at 1128.

Under certain, narrow circumstances a petitioner may claim that counsel's ineffectiveness was so manifest that he need not prove the three-pronged ineffective assistance test. He may do so by showing that there are circumstances "that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." **Commonwealth v. Reaves**, 923 A.2d 1119, 1128 (Pa. 2007) (quoting **U.S. v. Cronic**, 466 U.S. at 648, 658 (1984)).

At the outset, we note that the PCRA court dismissed Caraballo's issue because Caraballo did not raise it in his *pro se* PCRA petition and conceded in his Rule 1925(b) statement that he had not preserved his "actual conflict" claim. **See** PCRA Court Opinion, 2/25/21, at 13-15. The PCRA court did not consider the merits of Caraballo's actual conflict claim, but found that there were no irreconcilable differences between Caraballo and trial counsel. **See id**. at 15-18.

We respectfully disagree with the PCRA court's finding that Caraballo waived his actual conflict claim. Although Caraballo did not raise that claim in his *pro se* PCRA petition, he filed a *pro se* response to PCRA counsel's **Finley**

letter in which he asserted that he identified the actual conflict claim and asserted that PCRA counsel failed to develop or address the issue. This Court may therefore review Caraballo's claim within the framework of a layered claim that PCRA counsel was ineffective. *See Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021) (holding that PCRA petitioners may have appellate review of claims of the ineffectiveness of PCRA counsel even when first raised on appeal).[3]

We affirm the PCRA court's dismissal of Caraballo's petition although on different grounds than those the court cited.[4] To support his claimed entitlement to the application of *Cronic*, Caraballo asserts that: he and trial counsel had a "complete lack of communication"; he notified the trial court of the problem; he told trial counsel he would accept a twenty-seven-month plea agreement offer allegedly made by the prosecution; and the PCRA counsel should not have filed a *Finley* letter given the existence of this issue. *See* Caraballo's Brief at 10-11, 14-15, 19, 21, 32-37 (unnumbered). Caraballo

_____

[3] We acknowledge that in so doing we are according Caraballo review of a challenge to PCRA counsel's filing of a *Finley* letter, a claim Caraballo failed to include in his statement of questions presented but included in the text of his brief. We have determined that it is in the interest of judicial economy for us to decide that issue, and that we can do so on the existing record without the need for a remand to the PCRA court. *See Bradley*, 261 A.3d at 402-03.

[4] We may affirm a court's decision if there is any proper basis to support it, even if we rely on different grounds than those on which the court relied. *See Commonwealth v. Walsh*, 125 A.3d 1248, 1253 (Pa. Super. 2015).

claims he therefore proved an "actual conflict" under *Cronic*, and need not prove prejudice.

We note that on direct appeal Caraballo asserted a related claim: an "irreconcilable relationship" with trial counsel, and that the trial court abused its discretion by not removing trial counsel and permitting Caraballo to represent himself. This Court rejected Caraballo's claim, finding that he had failed to raise it timely and that his own disruptive trial behavior supported the denial of his request to proceed *pro se*. *See Caraballo*, 2019 WL 1417864 at *1-3. The PCRA court, which was also the trial court, found Caraballo was the actual source of his disagreements with trial counsel, and Caraballo was motivated by a desire to sabotage his trial. *See* PCRA Court Opinion, 2/25/21, 15-18. The PCRA court further found that Caraballo's and trial counsel's disagreements did not rise to the level of irreconcilable differences. *See id*. at 18.

In this PCRA appeal, Caraballo recasts his claim as an assertion under *Cronic* that an "actual conflict" with trial counsel existed that deprived him of his right to a fair trial. A petitioner may only avail himself of *Cronic* where there has been an actual or constructive denial of counsel, *i.e.*, (1) trial counsel entirely failed to subject the prosecution's case to meaningful adversarial testing, (2) the state interfered with counsel's assistance, or (3)

trial counsel had an actual conflict of interest. *See Reaves*, 923 A.2d at 1128.[5]

Caraballo cannot successfully raise a *Cronic* claim here. He places primary reliance on his assertion that he had an "actual conflict" with trial counsel. *See* Caraballo's Brief at 14-25. Caraballo misunderstands the law. A petitioner does not prove an "actual conflict" of interest sufficient to invoke *Cronic* where he proves that he and his attorney disagreed and experienced conflicts.[6] Rather, as our Supreme Court explained in *Commonwealth v. King*, 57 A.3d 607, 619 (Pa. 2012), the term "actual conflict" in *Cronic* cases refers only to dual representation cases, *i.e.*, those in which counsel simultaneously represents more than one client. In dual representation cases, there is a concern that an attorney may alter his trial strategy based on considerations stemming from other loyalties that would not occur if his sole

---

[5] The *Cronic* decision itself demonstrates how rarely the standard actually applies. The *Cronic* Court found that a defendant was **not** entitled to the application of a *per se* prejudice standard even where he was represented at his criminal trial by a real estate attorney who had never conducted a jury trial and had only twenty-five days before trial to prepare to defend a case the prosecution took more than four years to assemble. *See Cronic*, 466 U.S. at 665-66.

[6] In fact, evidence that a criminal defendant had a strained relationship with counsel, lacked faith in counsel's abilities, and had a difference of opinion in trial strategy is not necessarily sufficient to prove even irreconcilable differences. *See Commonwealth v. Floyd*, 937 A.2d 494, 497-498 (Pa. Super. 2007).

loyalty were to the defendant. ***See id***.[7] Caraballo was tried alone. Trial counsel did not engage in dual representation. Therefore, he cannot show that trial counsel operated under an "actual conflict" of interest.

Moreover, to the extent Caraballo has even suggested that counsel entirely failed to subject the Commonwealth's case to meaningful adversarial testing under ***Cronic*** (an argument he does not appear to make), that claim also lacks merit. Trial counsel articulated a unified defense theory of the case from opening argument forward that accounted for the evidence he knew the prosecution possessed. Trial counsel argued that Caraballo had been present at the scene of the shooting (as proved by the cell phone records the prosecution planned to introduce), but that someone else had committed the crime. ***See*** N.T., 4/11/17, at 33-34. To support that defense, trial counsel elicited testimony that: one witness told a police officer at the scene that a person other than Caraballo committed the shooting, the victim could not identify Caraballo as the shooter, and a trial witness had previously lied to police about who committed the shooting and was still subject to outstanding charges for lying to the police relating to her first account of the shooting, which gave her a motive to testify falsely. ***See id***., at 50, 65, 90, 94-104. Thus, Caraballo cannot show his entitlement to the ***Cronic*** standard because

---

[7] The ***King*** Court declared that it was not at liberty to expand the definition of "actual conflict" to encompass other assertions of actual conflict. ***See King***, 57 A.3d at 621.

trial counsel entirely failed to subject the prosecution's case to meaningful appellate testing.

Nor can Caraballo prove the remaining basis under ***Cronic***: that the state interfered with counsel's assistance. To the extent he asserts that the trial court interfered with his right to counsel, he reiterates claims regarding his alleged right to remove trial counsel because of their disagreements. These claims are similar to the claim on direct appeal. Caraballo also asserts that his conflict with trial counsel was so significant that he told trial counsel that he would accept an alleged plea offer of twenty-seven months of imprisonment rather than proceed to trial. ***See*** Caraballo's Brief at 15, citing Exhibit J to his brief. Caraballo did not file Exhibit J, a handwritten letter that he attaches to his brief, in the court of common pleas. ***See*** Caraballo's Brief, Exhibits A-C. There is no proof that he sent Exhibit J to trial counsel or the trial court. Exhibit J is thus not of record and does not become of record simply by being attached to an appellate brief or a reproduced record. ***See*** ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*) (stating than any document which is not part of the officially-certified record is deemed "'non-existent' – a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record").

Even if considered, Exhibit J would not prove that the trial court interfered with Caraballo's right to counsel. Caraballo asserts that the letter

shows that he would have accepted a plea offer rather than proceed to trial. His own trial testimony defeats that assertion. While being cross-examined at trial, Caraballo interjected his assertion that he was "[f]acing - - 15 to 30 years I'm facing to prove my innocence when you offer me a measly 27 months . . .. And I'm not going to take 27 months . . . because this is important to me." *See* N.T., 4/12/17, at 161 (court and counsel interjections omitted). Accordingly, Caraballo cannot show that the trial court interfered with his right to counsel.[8]

In sum, because Caraballo's *Cronic* claim of trial counsel's ineffectiveness is meritless, PCRA counsel Stirba (and direct appeal counsel Nelthropp, whose ineffectiveness Caraballo would also have to prove to present a properly layered ineffectiveness claim) cannot have been ineffective for failing to preserve it. *See Chmiel*, 30 A.3d at 1128. Thus, Caraballo's first two issues merit no relief.

---

[8] Exhibits A-C to Caraballo's brief, the only letters that he filed below, do not prove the trial court's interference with his representation. Exhibit A, a letter Caraballo sent to the clerk of court asserts that he wants trial counsel to file certain motions; Exhibit B, a letter Caraballo sent to trial counsel seeks to address "a few issue and concerns that I have," and Exhibit C, which Caraballo sent to the trial court, requests a court conference prior to trial with the trial court and trial counsel relating to trial counsel's handling of the case. However, as the PCRA court found, Caraballo did not assert at trial any disagreement with counsel until the second day of a two-day trial, and the assertions he raised even then did not rise to the level of irreconcilable differences. *See* PCRA Court Opinion, 2/25/21, 15-18. Nothing in the record, therefore, demonstrates Caraballo's right to relief due to the trial court's interference with his right to representation under *Cronic*.

Caraballo's other appellate issue asserts that "this" Court erred in not correcting the record pursuant to Pa.R.A.P. 1926 and 1931 when this Court knew that prior to trial he sent a detailed letter to this Court about "various conflicts," and a letter to the disciplinary board.[9] Caraballo failed to raise this claim in his Rule 1925(b) statement. It is, therefore, unreviewable. ***See***

***Commonwealth v. Shreffler***, 249 A.3d 575, 582 (Pa. Super. 2021).[10]

Order affirmed.

---

[9] The text of Caraballo's argument demonstrates that "this Court" refers to the trial court and the Lehigh County clerk of courts. ***See*** Caraballo's Brief at 29.

[10] We note that the vast majority of the documents Caraballo claims are absent from the record are copies of handwritten letters he allegedly sent to trial counsel and PCRA counsel that were not filed in the trial court. ***See*** Caraballo's Brief, Exhibit BB. The Pennsylvania Rules of Appellate Procedure provide for correction or modification of the record where the record fails to truly disclose what occurred in trial court, and provide means by which the parties can stipulated to what is missing from the certified record. ***See*** Pa.R.A.P. 1926(a), (b)(2), 1931(f). Neither of the rules Caraballo cites permits a party to supplement the record unilaterally with not-of-record, unauthenticated materials, and they do not become of record by being attached to Caraballo's appellate brief. ***See Preston***, 904 A.2d at 6. Caraballo, accordingly, cannot demonstrate his entitlement to have unauthenticated materials included in the certified record of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/05/2022