J-S36034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GILES W. WITHERSPOON | : | |
| | : | |
| Appellant | : | No. 3201 EDA 2022 |

Appeal from the PCRA Order Entered November 22, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000086-2000

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                           **FILED OCTOBER 27, 2023**

Appellant, Giles W. Witherspoon, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, which dismissed as untimely his *pro se* petition, styled as a writ of *habeas corpus*, pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. A jury convicted Appellant of rape, kidnapping, aggravated assault, and simple assault. On December 4, 2001, the court sentenced Appellant to an aggregate term of 13.5 to 27 years' incarceration plus five years of probation. This Court affirmed Appellant's judgment of sentence on April 8, 2003, and our Supreme Court denied allowance of appeal on September 30, 2003. ***Commonwealth***

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

*v. Witherspoon*, 828 A.2d 405 (Pa.Super. 2003) (unpublished memorandum), *appeal denied*, 574 Pa. 766, 832 A.2d 436 (2003).

Appellant filed a PCRA petition on April 14, 2005, which the court dismissed as untimely on April 6, 2006. On appeal, however, this Court vacated and remanded, holding that the record supported Appellant's position that he had filed a timely PCRA petition in 2004. ***Commonwealth v. Witherspoon***, 929 A.2d 250 (Pa.Super. 2007) (unpublished memorandum). On remand, the PCRA court conducted an evidentiary hearing after which it denied PCRA relief on December 30, 2010. On December 9, 2013, Appellant filed what he purported to be an "amended" PCRA petition. On July 31, 2014, the PCRA court entered an order treating the filing as Appellant's second PCRA petition, and dismissing it as untimely filed. This Court affirmed the PCRA court's order on July 21, 2015, and our Supreme Court subsequently denied Appellant's petition for allowance of appeal. ***See Commonwealth v. Witherspoon***, 125 A.3d 456 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 634 Pa. 748, 130 A.3d 1290 (2016).

On February 14, 2019, Appellant filed a *pro se* "Petition for Correction of Sentence *Nunc Pro Tunc*." The court treated the petition as a third, untimely PCRA petition, and the court dismissed it without a hearing on April 29, 2019. On June 30, 2020, this Court affirmed the denial of relief, albeit on different grounds than the PCRA court. ***See Commonwealth v. Witherspoon***, 237 A.3d 1096 (Pa.Super. 2020) (unpublished memorandum). Specifically, this

Court held that Appellant's argument in his petition, that the trial court erred in calculating his prior record score, was a challenge to the discretionary aspects of sentencing that was not cognizable under the PCRA. Thus, this Court held that the court should have treated Appellant's prayer for relief as an untimely post-sentence motion, instead of an untimely PCRA petition. **See id.**

On June 21, 2022, Appellant filed the current petition for writ of *habeas corpus* in the Delaware County Court of Common Pleas, Civil Division. On November 16, 2022, the court transferred the matter to this criminal docket number. On November 22, 2022, the court issued an order noting that because Appellant's prayer for relief sought relief cognizable under the PCRA, the petition should be treated under the PCRA. Thus, the court dismissed the petition as untimely. Appellant timely filed a *pro se* notice of appeal on December 13, 2022. In accordance with the PCRA court's order, Appellant filed his concise statement of errors complained of on appeal on January 6, 2023.

Appellant raises the following issues for our review:

> I. Relator contends that the [c]ourt erred in unlawfully suspending Relator's privilege to *Habeas Corpus*, (Art 1, Sec. 14 Pa. Const.; 42 Pa.C.S.A. & 6501; and Art. 1 Sec. 9, U.S. Const.) and thus depriving Relator of his rights to Due Process of Law, (Art 1, Sec. 9 Pa. Const.; 5th and 14th Amend. U.S. Const.), when it denied Relator's Petition for Writ of *Habeas Corpus Ad Subjiciendum* without Granting the requested Writ, and allowing Relator to have a hearing to determine the Legality of Restraint of Relator's liberties by the Respondent.

II. Relator contends that the [c]ourt erred in unlawfully suspending Relator's privilege to *Habeas Corpus*, (Art 1, Sec. 14 Pa. Const.; 42 Pa.C.S.A. 6501; and Art. 1 Sec. 9, U.S. Const.) and thus depriving Relator of his rights to Due Process of Law, (Art 1, Sec. 9 Pa. Const.; 5th and 14th Amend. U.S. Const.), when it denied Relator's Petition for Writ of *Habeas Corpus Ad Subjiciendum* without ever ordering the Respondent to show cause why he is Restraining Relator's liberties.

III. Relator contends that the [c]ourt erred in denying Relator's Petition for Writ of *Habeas Corpus Ad Subjiciendum* based solely off the [c]ourt's personal opinion/agenda and not Law/Legislative Intent/Legal Authority/Rule of Court.

IV. Relator contends that the [c]ourt erred in denying Relator's Petition for *Writ of Habeas Corpus Ad Subjiciendum* without addressing each of Relator's Claims, or any of Relator's Questions for the [c]ourt.

(Appellant's Brief at 4).

Preliminarily, we must ascertain whether the court properly treated Appellant's current prayer for relief under the PCRA. It is "well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing." **Commonwealth v. Shreffler**, 249 A.3d 575, 583 (Pa.Super. 2021) (citation omitted). Additionally, "[*h*]*abeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." **Commonwealth v. Smith**, 194 A.3d 126, 138 (Pa.Super. 2018). The writ of *habeas corpus* "is not a substitute for appellate review." **Commonwealth v. Wolfe**, 605 A.2d 1271, 1273 (Pa.Super. 1992),

- 4 -

*appeal denied*, 531 Pa. 646, 612 A.2d 985 (1992) (emphasis and citations omitted). Further, "[a] challenge to the discretionary aspects of sentencing is not a proper basis for *habeas corpus* relief." **Id.** at 1274 (citation omitted).

As this Court noted in our June 30, 2020 memorandum, claims pertaining to the discretionary aspects of sentencing are not cognizable under the PCRA. In **Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa.Super. 2007), this Court held that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." **Id.** at 1289. Accordingly, the **Wrecks** Court held that the appellant's motion, which challenged the discretionary aspects of his sentence, was a post-sentence motion and not a PCRA petition. This Court concluded that "[b]ecause the post-sentence motion was filed years after sentencing, the court was correct to deny it as being untimely." **Id.** (citing Pa.R.Crim.P. 720(A)(1) (stating that post-sentence motions must be filed within ten days of sentencing)).

Instantly, Appellant makes the same argument in his current petition that he made in his February 14, 2019 petition for correction of sentence— namely, that he is serving an unlawful sentence based on alleged errors in calculating his prior record score. This claim raises a challenge to the discretionary aspects of his sentence. **See Wolfe, supra**. As such, Appellant's current prayer for relief is not a proper basis for *habeas corpus* relief. **See Shreffler, supra**. Nor is this claim cognizable under the PCRA. **See Wrecks, supra**. Rather, Appellant's belated challenge to the

discretionary aspects of his sentence must be considered an untimely post-sentence motion. *See id.* Therefore, we affirm the order denying relief, albeit on grounds different than the PCRA court.[2]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 27, 2023

---

[2] "We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm." *Commonwealth v. Rowe*, 293 A.3d 733, 739 (Pa.Super. 2023) (citation omitted).