J-S27008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :          PENNSYLVANIA
                                       :
              v.                          :
                                       :
                                       :
DEAN REEDY                        :
                                       :
                Appellant         :      No. 287 MDA 2023

Appeal from the Judgment of Sentence Entered January 20, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000515-2021

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: DECEMBER 12, 2023**

        Appellant, Dean Reedy, appeals from the judgment of sentence of 18 to 60 months' incarceration, imposed after he pled *nolo contendere* to five counts of possession of child pornography, 18 Pa.C.S. § 6312(d). On appeal, Appellant solely argues that the trial court abused its discretion by applying an incorrect prior record score (PRS) when fashioning his sentence. After careful review, we vacate Appellant's sentence and remand for resentencing.

        The facts underlying Appellant's convictions are not pertinent to his present appeal. The trial court summarized the procedural history of this case, as follows:

> [Appellant] had [pled *nolo contendere*] on July 15, 2022, to five counts of possession of child pornography. All five counts were graded as a felony of the third degree[,] each having an offence [*sic*] gravity score of seven. The plea agreement called for two of the charges to run consecutively and the remaining three would run concurrently. All the counts were to be in the standard range of the sentencing guidelines. As part of the plea agreement[,] the Commonwealth was not seeking an image enhancement. After

conducting an oral colloquy with [Appellant], the court accepted the plea agreement and ordered a presentence investigation [(PSI),] as well as a Sex Offender and Registration Notification Act evaluation.

[Appellant] appeared before the court by video on January 20, 2023, for sentencing. [Appellant's] counsel indicted he had reviewed the [PSI] with [Appellant]. Counsel stated that [he was] not disputing the accuracy of the information contained in the [PSI,] except for the [PRS that] probation had given [Appellant. N.T.] Sentencing Hearing, [1/20/23], [at] 2…[]. Counsel argued that [Appellant's PRS] was one[,] but the PSI had his [PRS] as a two.

Probation officer, Andrew Charnosky, testified there was a discussion with [his] supervisor[,] Megan Kriner[,] and it was decided to score [Appellant's] prior conviction for corruption of minors [(COM)] as a two. Probation believed that his conviction falls under the definition of crimes against children and should therefore be counted as a one. That[,] in conjunction with his two other misdemeanor convictions[,] would give [Appellant] a [PRS] of two. The court proceeded to sentence [Appellant,] on count number two[,] to eighteen (18) months to sixty (60) months in a state correctional facility. On count number three[,] the court sentenced [Appellant] to eighteen (18) months to sixty (60) months consecutive to count two. On counts four, five and six[,] the court sentenced [Appellant] to eighteen (18) to sixty (60) months on each count[,] to be served concurrently to count two.

Trial Court Opinion (TCO), 4/21/23, at 1-2 (unnumbered; unnecessary capitalization omitted).

Appellant filed a timely notice of appeal, and he timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on April 21, 2023. Herein, Appellant states one issue for our review:

I. Did the [trial] court abuse its discretion when it considered information that was in the [PSI] report that [Appellant's PRS] is a [two] instead of [a one] because it considered [the COM

- 2 -

conviction,] a misdemeanor of the first degree[,] … to be a [one] point offense for [PRS] purposes[?]

Appellant's Brief at 6.

As this Court has recognized,

[i]t is well-settled that a challenge to the calculation of a [PRS] goes to the discretionary aspects, not legality, of sentencing. **See Commonwealth v. Sanchez**, 848 A.2d 977, 986 (Pa. Super. 2004) (holding [the] miscalculation of [a PRS] "constitutes a challenge to the discretionary aspects of [a] sentence"). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **See Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010).

Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four[-]part analysis to determine: (1) whether [the a]ppellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether [the a]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

**Commonwealth v. Shreffler**, 249 A.3d 575, 583-84 (Pa. Super. 2021).

Here, Appellant filed a timely notice of appeal, and he preserved his issue at the sentencing hearing. **See** N.T. Sentencing Hearing at 2 (Appellant's objecting to the PRS of two and arguing that it should be a one). Additionally, Appellant's brief contains the requisite Rule 2119(f) concise statement. **See** Appellant's Brief at 9-10. Finally, this Court has held that a claim that a trial court miscalculated the appellant's PRS raises a substantial question for our review. **Commonwealth v. Spenny**, 128 A.3d 234, 242

(Pa. Super. 2015). Accordingly, we turn to the merits of Appellant's issue, mindful that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Shreffler**, 249 A.3d at 584 (quoting **Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted)).

Instantly, Appellant argues that his first-degree misdemeanor (M1) offense of COM should have been assigned a PRS of one, rather than two. He notes that 204 Pa. Code § 303.7(a)(4) lists the offenses that are to receive a PRS of one, and M1 COM is not included on that list. **See** Appellant's Brief at 10. He is correct. **See** 204 Pa. Code § 303.7(a)(4). Notably, the very next provision, section 303.7(a)(5), states:

(5) *Other Misdemeanor Offenses*. All other misdemeanor offenses, including a first lifetime conviction for Driving Under the Influence of Alcohol or a Controlled Substance or Operating a Watercraft Under the Influence of Alcohol or a Controlled Substance, are designated by an "m" in the offense listing at § 303.15, and are scored as follows:

(i) One point is added if the offender was previously convicted of two or three misdemeanors.

(ii) Two points are added if the offender was previously convicted of four to six misdemeanors.

(iii) Three points are added if the offender was previously convicted of seven or more misdemeanors.

- 4 -

204 Pa. Code § 303.7(a)(5). The Commonwealth concedes that, because "Appellant had three prior misdemeanor convictions at the time of his sentencing[,] … this would usually yield a [PRS] of [one]" under section 303.7(a)(5)(i). Commonwealth's Brief at 9.

However, the Commonwealth defends the probation department's calculation of Appellant's PRS as a two, explaining that,

> in determining … Appellant's [PRS], … Northumberland County Adult Probation utilized the Prior Record Score - 7th Edition Worksheet.[1] The Worksheet has a section dedicated to M1 Offenses Involving Children. This list includes a "catch all" category provided as "Other M1 Offense Involving Children (1 point)[."] … [B]ecause [Appellant's] convictions include [COM], which necessarily involves children, Adult Probation counted this as a [one-]point offense, yielding a [PRS] of [two].

*Id.* The trial court similarly concluded that "[t]he classification by probation as an offense against children seems correct[,] given that [Appellant] was also convicted of [i]ndecent [a]ssault of a person less than sixteen." TCO at 2 (unnumbered).

We disagree. Initially, the offense of COM *always* involves a criminal act against a child. *See* 18 Pa.C.S. § 6301(a)(1)(i) (defining COM, stating: "Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals *of any minor less than 18 years of age*, or who aids, abets, entices or encourages

---

[1] We note that the Commonwealth does not explain what this 'worksheet' is, and it is not contained in the certified record. Moreover, the Commonwealth does not explain how or why this document would supersede the Sentencing Code.

any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.") (emphasis added). Thus, the fact that Appellant's M1 COM offense involved a child cannot be used to increase his PRS under some "catch all" provision of a PRS worksheet, where the crime of M1 COM is explicitly set forth in the "Offense Listing" section of 204 Pa. Code § 303.15. There, M1 COM is listed as having a PRS of "m," which means that it constitutes an "other misdemeanor offense" under section 303.7(a)(5). *See* 204 Pa. Code. § 303.15. As set forth *supra*, that provision states that "[o]ne point is added if the offender was previously convicted of two or three misdemeanors." 204 Pa. Code § 303.7(a)(5)(i). Thus, because Appellant had three prior, misdemeanor convictions at the time of his sentencing in this case, the court should have applied a PRS of one, rather than two.

Moreover, we reject the Commonwealth's suggestion that the court's error in applying a PRS of two was harmless. **See** Commonwealth's Brief at 10-11. As recognized by the trial court, Appellant's sentences on all counts "were to be in the standard range of the sentencing guidelines" as part of his plea agreement. TCO at 1 (unnumbered); **see also** "Petition for Entry of a Guilty Plea/*Nolo Contendere* Plea," 7/18/22, at 2 (indicating that a term of Appellant's plea was that he would receive standard range sentences). As the Commonwealth observes, with a PRS of two, Appellant's standard-range, minimum term is 12 to 18 months, while with a PRS of one, his standard-

range, minimum term is 9 to 16 months. *See* Commonwealth's Brief at 10. Thus, the court's minimum sentence of 18 months' incarceration falls within the aggravated guideline range under the correct PRS of one, and would thereby violate the terms of Appellant's plea agreement. *See id.* (stating that "[t]he aggravated/mitigated range for the [p]ossession of [c]hild [p]ornography charge … is 6 months").

Accordingly, we vacate Appellant's sentence and remand for resentencing, at which the court shall utilize a PRS of one – and the sentencing guidelines applicable thereto – in fashioning Appellant's sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Sullivan joins this memorandum.

Judge Bowes files a concurring statement in which President Judge Emeritus Bender Judge Sullivan join.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/12/2023