J-S40011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VICTOR VELQUEZ | : | |
| | : | |
| Appellant | : | No. 1143 EDA 2021 |

Appeal from the PCRA Order Entered May 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000105-2018

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:         **FILED FEBRUARY 10, 2023**

Victor Velquez appeals from the Philadelphia County Court of Common Pleas' order denying his timely first petition filed pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546 ("PCRA"). Velquez argues the PCRA court erred by dismissing his petition without first holding a hearing on his two ineffective assistance of counsel claims. Specifically, Velquez claims his appellate counsel was ineffective for failing to raise a claim on direct appeal challenging the trial court's ruling limiting the testimony of Velquez's private investigator at trial. He also claims that trial counsel was ineffective for failing to properly advise him about a guilty plea before he rejected it. We agree with the PCRA court that neither of these ineffectiveness claims offer Velquez any basis for relief, and we therefore affirm.

The facts underlying Velquez's judgment of sentence were summarized by this Court on direct appeal as well as the PCRA court, and those summaries are supported by the record and not in dispute. Philadelphia Police Officers Sharrod Davis and Amir Watson were on patrol when they observed Velquez on a bridge holding a blue glassine package. After Officer Davis saw Velquez sprinkle the contents of the package on his hand and snort them, the officers exited their vehicle and approached Velquez. Velquez began to remove his jacket, and as Officer Davis tackled Velquez to the ground, the officers heard a metal clinking sound. Officer Davis recovered a loaded firearm from the jacket, and Velquez informed the officers he did not have a license for the firearm. The officers subsequently discovered the firearm had been stolen.

Velquez was arrested and charged with several offenses, including possession of a firearm when he was legally prohibited from possessing one. The matter proceeded to a jury trial, and the Commonwealth called Officer Davis to testify. Velquez called Keary Willis, a private investigator who investigated this case for Velquez, to testify. The parties stipulated that Velquez had a prior conviction rendering it illegal for him to possess a firearm and that the blue package recovered from the scene of the arrest tested positive for heroin.

The jury convicted Velquez of the charge for possession of a firearm when legally prohibited to possess one, and the court sentenced Velquez to ten to 20 years' imprisonment. Velquez filed a notice of direct appeal, and

appellate counsel was appointed. This Court affirmed Velquez's judgment of sentence on December 3, 2019. **See Commonwealth v. Velquez**, 3508 EDA 2018 (Pa. Super. December 3, 2019) (unpublished memorandum).

Ten days later, Velquez filed a *pro se* PCRA petition. Counsel was appointed, and filed an amended PCRA petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing, and subsequently denied the petition in an order dated May 27, 2021. Velquez appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925. Velquez raises these issues for our consideration:

> A. Whether the court erred in denying [Velquez]'s PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding [counsels'] ineffectiveness.
>
> B. Whether the PCRA court was in error in not granting relief for the following reasons:
>
>> a. Whether Appellate Counsel was ineffective for failing to appeal the trial court's limiting the testimony of the defendant's private investigator.
>>
>> b. Whether Trial Counsel was ineffective for advising the defendant to not accept the guilty plea offer by the Commonwealth.

Appellant's Brief (PCRA court's answers omitted).

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. **See Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the factual findings of the PCRA court and will not disturb those findings unless

- 3 -

they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. ***See Commonwealth v. Benner,*** 147 A.3d 915, 919 (Pa. Super. 2016).

Further, the PCRA court is not required to hold an evidentiary hearing prior to dismissing a petition as a petitioner is not entitled to a PCRA hearing as a matter of right. ***See Shaw,*** 217 A.3d at 269. The PCRA court can decline to hold a hearing if there is "no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." ***Id***.

Velquez raises two ineffectiveness claims, and he asserts the PCRA court should have held a hearing on those claims. Counsel is presumed to have been effective. ***See Commonwealth v. Brooks***, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Velquez must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for their conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e*. there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. ***See id.*** As is true for all petitioners, Velquez's "failure to prove any one of the three prongs results in the failure of [his] claim." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).

Velquez first asserts the PCRA court should have held a hearing on his assertion that appellate counsel was ineffective for failing to raise a claim challenging the trial court's discretionary decision to limit the testimony of his private investigator. However, we agree with the PCRA court that Velquez was not entitled to a hearing on this claim as he failed to show he was prejudiced by appellate counsel's failure to challenge the trial court's evidentiary ruling.

Velquez's presentation of the factual background of this claim in his appellate brief is less than comprehensive.[1] However, the PCRA court's opinion and the record reveal that Velquez called Willis, his private investigator and a former police officer, to testify. Willis was not qualified as an expert. Shortly after Willis began testifying, the court called for a recess, and requested that defense counsel make an offer of proof regarding Willis's intended testimony. **See** N.T., 9/19/2019, at 68. Defense counsel represented that she planned to introduce the Computer Assisted Dispatch ("CAD"), or transmission of the radio dispatch, from the incident and to have Willis testify about alleged inconsistencies in the CAD. **See id.** at 71-72.

The trial court noted that Willis was not at the scene of Velquez's arrest and had not prepared the CAD, and therefore could not authenticate the CAD.

---

[1] Velquez also does not provide the notes of testimony from his trial in this matter's certified record, as is his burden to do. **See Commonwealth v. Shreffler**, 249 A.3d 575, 584 (Pa. Super. 2021). However, the notes of testimony from the trial can be found in the digital certified record of his direct appeal. **See Commonwealth v. Velquez**, 3508 EDA 2018, J-S56025-19. We referenced the notes of testimony found in that docket for our purposes here.

*See id.* at 72, 76. Moreover, the court instructed counsel that it would be improper for Willis to intrude on the province of the jury by offering his lay opinion on the credibility of the arresting officers based on the CAD. *See id.* at 77-78. Instead, the trial court explained that counsel could call one of the arresting officers to introduce the CAD, as they had been involved in its creation. *See id.* at 78-79. Defense counsel could then ask the officer about any alleged inconsistencies in the CAD. *See id.*

Defense counsel proceeded to call Officer Watson to the stand to introduce the CAD into evidence. Counsel questioned the officer about the alleged inconsistency in the CAD, which counsel indicated was based on the arresting officers apparently giving two different locations for Velquez's arrest during the radio dispatch. *See id.* at 102-103. Officer Watson explained that the second location in the report was related to a totally separate incident. *See id.* at 104.

Velquez now asserts, in effect, that the trial court abused its discretion by limiting Willis's testimony and that appellate counsel was ineffective for failing to challenge this ruling on direct appeal. The PCRA court flatly rejected Velquez's claim, finding, *inter alia*, that Velquez had not shown how he was prejudiced by the court's ruling and therefore by counsel's failure to challenge that ruling on direct appeal. We agree Velquez has not established prejudice. As explained by the Commonwealth:

> Despite the court prohibiting [Velquez] from introducing the police report through [Willis], he was able to introduce it through the

- 6 -

police officer who wrote the report and examine that officer regarding any alleged inconsistencies. Therefore, [Velquez] cannot establish that he was prejudiced by counsel not raising the issue on direct appeal where the information he sought to elicit was brought out through the testimony of another witness.

Commonwealth's Brief at 10. The PCRA court, in a similar vein, simply stated "[s]ince [Velquez] introduced the denied evidence through Officer Watson, [he] was not prejudiced." PCRA Court Opinion, 3/3/2022, at 7.

Velquez does not challenge these conclusions, nor does he cogently explain how the PCRA court erred in finding he had not been prejudiced by appellate counsel's failure to challenge the trial court's ruling on appeal. Because Velquez has not shown he was prejudiced by counsel's conduct, he was not entitled to an evidentiary hearing on the ineffectiveness claim. *See* *Ousley*, 21 A.3d at 1244 (Pa. Super. 2011); *Shaw,* 217 A.3d at 269.

Velquez also argues trial counsel was ineffective for failing to advise him fully about the plea offered by the Commonwealth, which he rejected. According to Velquez, trial counsel informed Velquez of the offer by stating, "The D.A. has made an offer, it's for [eight to 16] years, but we're going to trial, right?" Appellant's Brief at 17. It appears Velquez is contending this was the full extent of the discussion of the plea offer, and he complains counsel's failure to more thoroughly explain the plea offer deprived him of the right to make a reasonable decision about whether to accept the plea. This claim fails.

In the first place, Velquez's argument in support of his claim consists mainly of bald assertions and an underdeveloped analysis. He does not, as the

Commonwealth points out, attempt to describe the circumstances surrounding the plea offer or the alleged statement made by counsel. His claim is arguably waived for these reasons. **See Commonwealth v. Love**, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that arguments that are not sufficiently developed are waived).

In any event, we see no error in the PCRA court's conclusion that Velquez failed to establish he was prejudiced by counsel's conduct regarding the plea offer. As both the PCRA court found and the Commonwealth argues, Velquez does not aver he "would have been willing to accept this plea had counsel discussed the risks of going to trial. [Velquez therefore] failed to prove that he would have accepted the plea had [ ] it not been for trial counsel's conduct." PCRA Opinion, 3/3/2022, at 8. **See Lafler v. Cooper,** 566 U.S. 156, 164 (2012) (stating that in order to establish the prejudice prong of a claim that counsel was ineffective for failing to provide competent advice concerning a plea offer that is ultimately rejected, the defendant must show there is a reasonable probability that he would have accepted the plea offer if he had been competently advised regarding the plea offer); **see also Commonwealth v. Steckley**, 128 A.3d 826, 832 (Pa. Super. 2015) (applying **Lafler** to claims made under Pennsylvania's PCRA). Accordingly, as with his first ineffectiveness claim, Velquez's claim that counsel provided ineffective representation as it relates to the plea offer offers him no basis for relief.

Further, as our analysis of both claims does not rely on any disputed issue of material fact, Velquez was not entitled to a hearing on either claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2023