J-S35042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW A. GYLE | : | |
| | : | |
| Appellant | : | No. 207 MDA 2023 |

Appeal from the PCRA Order Entered January 13, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000482-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW A. GYLE | : | |
| | : | |
| Appellant | : | No. 208 MDA 2023 |

Appeal from the PCRA Order Entered January 13, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000483-2019

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: NOVEMBER 9, 2023**

Appellant, Matthew A. Gyle, appeals from the order of the Luzerne County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. (the "PCRA"). He had entered guilty pleas to two criminal incidents and alleged the ineffective assistance of

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentencing counsel with respect to one. The PCRA court denied relief after a hearing because it found "with certainty" that Appellant did not suffer prejudice from counsel's failure to seek reconsideration of the sentence imposed. We affirm.

Appellant was charged with aggravated indecent assault, terroristic threats, unlawful restraint (risking serious injury), false imprisonment, and two counts of simple assault, in connection with an incident on January 12, 2019, in which, among other things, he broke his daughter's cheek bone and threatened to kill her with an ice pick.[1] These charges were docketed under CP-40-CR-0000483-2019, and are the subject of Appeal No. 208 MDA 2023. While Appellant was in prison in connection with these charges, he made harassing phone calls to his daughter, the victim of the January 12th charges. He tried to convince his daughter to drop the charges against him, and when she declined, threatened to claim she had stolen his car. On January 23, 2019, the daughter reported the harassment. While with a police officer, she answered a call from Appellant on speaker in which he admitted significant portions of his plan to have her prosecuted if she did not drop the charges. Appellant was then charged with intimidating a witness and harassment.[2] The January 23rd charges were docketed under CP-40-CR-0000482-2019 and are the subject of Appeal No. 207 MDA 2023.

---

[1] 18 Pa.C.S. §§ 3125(a)(1), 2706(a)(1), 2902(a)(1), 2903(a)(1), 2701(a)(1), and 2701(a)(3), respectively.

[2] 18 Pa.C.S. §§ 4952(a)(3) and 2709(a)(7), respectively.

On May 25, 2021, represented by one attorney for the charges under docket 482 and by another for the charges under docket 483, Appellant entered guilty pleas under both dockets before the Honorable David W. Lupas. With respect to the January 23rd incident on docket 482, Appellant entered a plea of guilty to one count of intimidation of a witness, as a felony of the second degree, for which the sentence to be imposed would be 48 to 96 months. In addition, the Commonwealth withdrew the charge of harassment. With respect to the January 12th charges on docket 483, Appellant entered guilty pleas to terroristic threats graded as a misdemeanor of the second degree, unlawful restraint graded as a misdemeanor of the first degree, false imprisonment graded as a misdemeanor of the second degree, and one count of simple assault graded as a misdemeanor of the second degree. There was no agreement with respect to the sentence to be imposed, but the Commonwealth agreed to withdraw the charge of aggravated indecent assault and one of the two counts of simple assault. The plea court ordered a pre-sentence investigation to be conducted. N.T. 5/25/21, 2-3, 8.

Appellant was sentenced by Judge Lupas on July 22, 2021. At the sentencing he was represented by the same counsel for docket 482, but new counsel from the same law office for docket 483. Because the sentence for docket 482 had been agreed upon, defense counsel on docket 483 took the lead in the sentencing hearing. He emphasized that defendant had cooperated and taken responsibility by pleading guilty, and that he had been diagnosed as being bipolar with manic depression for which he was receiving treatment.

Appellant's sister testified about his mental illness and how well he took care of his family when not experiencing issues. Counsel asked for a sentence term of 12 to 24 months to run concurrently with the sentence for docket 482. Counsel for docket 482 also asked that all sentence terms be served concurrently. In his allocution, Appellant emphasized that he now understood his difficulties controlling his temper and drug use, had changed his ways while out of prison for seven months, and promised to continue treatment for his mental illness. He stated he would work hard to improve his behavior so he could be present for his family. N.T. 7/22/21, 2-6.

The victim, Appellant's daughter, read a statement about the effect Appellant's violence had on her, and asked the court to impose the statutory maximum. The Commonwealth argued for consecutive terms because of Appellant's history of violence and failed supervision when not incarcerated. N.T. 7/22/21, 7-10.

The court explicitly noted that it had read the pre-sentencing investigation report and listened to all the arguments and evidence presented at the hearing. The court explained that Appellant had a substantial criminal history of violence that was like the instant matters. The nature of the violence was far reaching and, in the instant cases, had long-standing impact on the victim. The court stated that it would credit Appellant's acceptance of responsibility. It recognized that Appellant suffered from mental illness, but believed that militated in favor of a lengthy, structured supervision to address his drug, alcohol, anger management, and mental health issues. Therefore, it

ordered all sentence terms on docket 483 to be served consecutively to each other and to the agreed-upon 48 to 96 months incarceration on docket 482. Specifically, the court imposed 12 to 24 months' incarceration on each of the guilty plea convictions on docket 483: terroristic threats; unlawful restraint; false imprisonment; and simple assault. These sentence terms were legal as each of the convictions were graded as misdemeanors of the first- or second-degree, and within the standard range of the guidelines. The aggregate sentence imposed on docket 483 was 48 to 96 months' imprisonment, to be served consecutively to the 48 to 96 months' imprisonment imposed under docket 482. The court also ordered evaluations of Appellant's mental health, drug and alcohol use, and anger management problems and for treatment for batterer intervention. N.T. 7/22/21, 11-14.

Appellant did not file a direct appeal. On April 20, 2022, he filed *pro se* a PCRA petition listing both docket numbers. Counsel was appointed and filed a supplemental petition. A PCRA hearing was held on December 1, 2022, at which Appellant presented a single claim of ineffective assistance of sentencing counsel on docket 483 for failing to file a requested motion for reconsideration of sentence. Appellant withdrew a challenge to the failure of either of his counsel to file a direct appeal and any challenge to the sentence imposed or stewardship of counsel under docket 482. N.T. 12/1/22, 4-5, 16-17, 21-22; PCRA Court Opinion, 5.

The PCRA hearing was held before Judge Lupas. Appellant presented the evidence he would have liked to have presented at a sentence reconsideration

hearing. Specifically, he wanted the court to know he had changed his outlook during his last stay in state prison and wanted to do the right thing and have a productive life outside of prison. To that end, during the seven-month period after his release and prior to his sentencing in the instant matter: he found full-time employment; had his own house and car; paid his bills; had no new scrapes with law enforcement; and had learned, through a course, the effect crime has on the victim.[3] In short, he wanted the court to know that he had changed for the better and had demonstrated that change. Appellant testified that he could not make that presentation at the time of sentencing because he was nervous and "mixed up" from all the things happening in his life. On cross-examination he agreed that he spoke to the court during his sentence proceeding. He agreed that he told the court that he had realized his issues caused his problems, he had done everything right while out of prison and awaiting sentencing in the instant matter, he was working full-time, taking care of his family, and wanted to prove he could change. N.T. 12/1/22, 14-24.

_____

[3] The notes of testimony from the December 1, 2022 PCRA hearing were not in the certified record. Appellants are responsible for making sure the record forwarded to this Court contains that which is needed for the Court to properly review any particular claim brought by the appellant. *See Commonwealth v. Shreffler*, 249 A.3d 575, 584 (Pa. Super. 2021). Notwithstanding Appellant's failure to do so here, upon informal inquiry, our Prothonotary was able to secure the notes of testimony and include them in the record, enabling us to undertake a more complete assessment of this claim.

The PCRA court permitted counsel to file post-hearing briefs. It entered its order denying PCRA relief and dismissing the petition on January 13, 2022. Appellant filed a timely appeal.[4]

Appellant raises one issue on appeal: "[w]hether trial counsel was ineffective in failing to file Motion for Modification and/or Reconsideration of Sentence pursuant to Appellant's request." Appellant's Brief, 1 (Questions Presented for Review). This issue is consistent with his Rule 1925(b) Statement and how he narrowed his PCRA claims at the hearing.

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Mojica*, 242 A.3d at 953, 956; *Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017).

Appellant's PCRA claim alleged prior counsel's ineffective assistance. Counsel is presumed effective, and "to overcome that presumption a PCRA

---

[4] PCRA counsel filed two notices of appeal, one for each docket. By Order of this Court entered on April 27, 2023, the appeals were consolidated. We note, however, that the claim raised in this appeal could only impact the sentence imposed on docket 483, which is the subject of Appeal No. 208 MDA 2023.

petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." **Mason**, 130 A.3d at 618; **Commonwealth v. Fletcher**, 986 A.2d 759, 772 (Pa. 2009). Appellant had to satisfy all three prongs of this test to obtain relief under the PCRA. **Mason**, 130 A.3d at 618; **Mojica**, 242 A.3d at 955; **Smith**, 181 A.3d at 1175. **See Commonwealth v. Cross**, 634 A.2d 173, 175 (Pa. 1993) ("The burden of proving ineffectiveness of counsel is on the party alleging it, and that burden does not shift").

Appellant's instant allegation that sentencing counsel was ineffective for failing to file a motion for reconsideration of sentence is subject to analysis under **Strickland v. Washington**, 466 U.S. 668, 694 (1984). **Commonwealth v. Reaves**, 923 A.2d 1119, 1132 (Pa. 2007). Therefore, Appellant had to prove at the PCRA hearing that there was a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. **Id.** "In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence." **Id.** Thus, to be entitled to relief on his claim of ineffective assistance, Appellant had to prove: (1) arguable merit for filing a sentence reconsideration motion; (2) no reasonable basis for not filing a sentence reconsideration motion; and (3) actual prejudice with respect to the sentence imposed because a reconsideration motion was not filed. **Id.**;

*see also Mason*, 130 A.3d at 618; ***Commonwealth v. Selenski***, 228 A.3d 8, 15 (Pa. Super. 2020); ***Commonwealth v. Ligon***, 206 A.3d 515, 519 (Pa. Super. 2019).

At the PCRA hearing, Appellant testified that he asked counsel to file a sentence reconsideration motion and not a direct appeal. N.T. 12/1/2022, 4-5. Sentencing counsel testified and was, at best, equivocal on what Appellant asked of him after sentencing. *Id*., 26-28. The PCRA court found that Appellant asked counsel to file a reconsideration motion and not a direct appeal. PCRA Court Opinion, 5. That counsel failed to file a requested reconsideration motion without explanation was sufficient to prove both counsel's deficient performance and the lack of a reasonable basis.

Appellant also had to prove actual prejudice, that is, if counsel had filed for reconsideration, the sentencing court would have granted it and imposed a lesser sentence. ***Reaves***, 923 A.2d at 1132; ***Commonwealth v. Presley***, 193 A.3d 436, 445 (Pa. Super. 2018). The PCRA court, which also was the sentencing court, definitively found that the testimony proffered at the PCRA hearing would not have altered its decision. "We are satisfied that the sentences imposed in this matter, each of which is within the standard range, are appropriate and necessary given the Appellant's significant criminal record and the serious nature of the offenses for which he found himself before the court." PCRA Court Opinion, 6. Because the evidence presented did not address the court's concern and would not have caused it to change the

sentence imposed, the PCRA Court could "state with certainty that the Appellant was not prejudiced." *Id*.

We find no error in the PCRA court's ruling. The evidence proffered at the PCRA hearing substantially overlapped with that presented at the original sentencing, and in no manner reflected "abundant mitigation evidence" that was not presented at the original sentencing. *See* Appellant's Brief, 7. Essentially, Appellant testified at the PCRA hearing to a revised allocution that touched on the same points, albeit with some additional detail, as the allocution he gave at the initial sentencing. In both he claimed to have decided to address his mental health and substance abuse issues, which he blamed for his criminal acts, and demonstrated his alleged commitment to this change by becoming a productive citizen during the seven months between his release from prison and sentencing in this matter. Thus, he added only details to the story of his rehabilitation without alleviating the court's stated concern that he should be under a lengthy, structured supervision. N.T. 12/1/22, 12.

At neither proceeding, however, did Appellant acknowledge the harm he caused the victim. In this, he failed to address either of the other factors in the court's sentence, the seriousness of the offenses he committed, and his long criminal record. It is unsurprising, then, that the PCRA court could "state with certainty that the Appellant was not prejudiced." PCRA Court Opinion 6. Where, as here, the PCRA court, which also was the sentencing court, "made

clear in the PCRA proceedings that he would have imposed the same sentence" then actual prejudice was not proven. **Reaves**, 923 A.2d at 1132.[5]

In sum, the PCRA court correctly determined that Appellant did not prove his claim of sentencing counsel's ineffective assistance, and properly denied relief and dismissed the PCRA petition. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/09/2023

---

[5] **See also Commonwealth v. Burns**, 2021 WL 1156568, at *4 (Pa. Super. filed Mar. 25, 2021) (no prejudice where record supports PCRA court's declaration, "without equivocation, that we would not have granted [Burns'] post-sentence Motion for Reconsideration of Sentence if one had been filed") (non-precedential decision cited for persuasive value pursuant to Pa.R.A.P. 126); **Commonwealth v. Brown**, 2020 WL 241547, at *4 (Pa. Super. filed Jan. 15, 2020) (no prejudice where the "PCRA court, which also sentenced Appellant for the underlying violation, made clear that it would have denied a motion for reconsideration") (non-precedential decision cited for persuasive value pursuant to Pa.R.A.P. 126).