J-S41015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE WOODARD | : | |
| | : | |
| Appellant | : | No. 680 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 30, 2023
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000164-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: February 26, 2024**

Dale Woodard appeals from the judgment of sentence entered following his conviction of indecent exposure. Upon careful review, we affirm the conviction; however, we vacate the judgment of sentence and remand for resentencing.

On April 1, 2021, the Commonwealth filed a criminal information against Woodard charging him with one count each of involuntary deviate sexual intercourse, indecent assault, and indecent exposure[1] related to conduct perpetrated against a juvenile relative. In an open plea agreement entered on October 14, 2022, Woodard was permitted to plead guilty to indecent

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123, 3126, and 3127.

exposure. Subsequently, the Commonwealth *nolle prossed* the remaining charges.

Sentencing was scheduled for December 27, 2022, and a presentence report ("PSI") was ordered and prepared. Prior to the sentencing hearing, Woodard objected to the computation of his prior record score ("PRS") as presented in the PSI. The trial court continued sentencing to allow Woodard to compile documents and address the calculation of his PRS based upon out-of-state prior offenses.[2] Woodard proceeded to sentencing on March 30, 2023, and received a sentence of twenty-one to sixty months of incarceration. He then filed a post-sentence motion, which the trial court denied. This timely appeal followed.[3]

Woodard presents three legal arguments for our review: whether the trial court erred in calculating his PRS for sentencing purposes; whether the trial court abused its discretion by inaccurately stating, without sufficient evidence, that he is a sexually violent predator ("SVP"); and whether the trial

---

[2] Specifically, Woodard sought to acquire court documents from New Hampshire for convictions from 1998 and 2005.

[3] We note with extreme displeasure the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain 'a summary of argument and the complete argument for appellee.'" ***Commonwealth v. Pappas***, 845 A.2d 829, 835 (Pa. Super. 2004) (quoting Pa.R.A.P. 2112). In ***Pappas***, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." ***Id***. We echo that opinion and remind the Commonwealth of its obligation to file an appellee's brief in future appeals.

court abused its discretion by relying on inappropriate factors in fashioning Woodard's sentence. *See* Appellant's Brief, at 14, 36, 38.

Woodard's first issue contends that the trial court erred when it utilized a Repeat Felon (RFEL) category for his prior record score, when in fact it should have been a "2". *Id.* at 2.

"It is well-settled that a challenge to the calculation of a [PRS] goes to the discretionary aspects, not legality, of sentencing." **Commonwealth v. Shreffler**, 249 A.3d 575, 583 (Pa. Super. 2021) (citation omitted). There is no absolute right to appeal the discretionary aspects of a sentence. **See Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **See Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation and brackets omitted).

Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue raised by the appellant is waived for purposes of review. ***See Commonwealth v. Farmer***, 758 A.2d 173, 182 (Pa. Super. 2000). However, a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's argument; rather, we only are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement. ***See Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006). ***See also Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (holding that if the appellant fails to comply with Pa.R.A.P 2119(f), the Superior Court may entertain a discretionary sentencing claim if the Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)). Almost every published decision by the Superior Court has held that the issue is not waived when the Commonwealth fails to object to the omission of the Rule 2119(f) statement.

Herein, the first two requirements of the four-part test are met because Woodard brought a timely appeal and raised the challenge in his post-sentence motion. However, Woodard failed to include in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Nevertheless, because the Commonwealth did not file an advocate's brief in this matter, it has failed to

object to this error by Woodard. Therefore, we will not consider the issue to be waived due to Woodard's omission of the Rule 2119(f) statement.

Accordingly, we next determine whether Woodard raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Woodard argues that the trial court erroneously calculated his PRS. **See** Appellant's Brief, at 8-10, 14-36. We have previously held that a claim that a trial court miscalculated an appellant's PRS score raises a substantial question. **See Commonwealth v. Spenny**, 128 A.3d 234, 242 (Pa. Super. 2015). Consequently, because Woodard has raised a substantial question, we will address the merits of his claim.

Our standard of review is one of abuse of discretion. As such, we acknowledge that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Blount**, 207 A.3d 925, 934-35 (Pa. Super. 2019) (citation omitted).

We now consider Woodard's argument that the trial court improperly determined that his PRS was RFEL. **See** Appellant's Brief, at 14-36.

Essentially, Woodard claims that the trial court incorrectly calculated his PRS based upon several prior out-of-state offenses. Specifically, he contends that the four New Hampshire crimes for which he was sentenced in August 1998 should combine to a maximum of two PRS points. He also posits that the New Hampshire crime for which he was sentenced in August 2005 is the equivalent of a third-degree misdemeanor in Pennsylvania and not the equivalent of a second-degree felony under Pennsylvania law.[4]

When sentencing a defendant convicted of a felony or misdemeanor, the trial court must consider the sentencing guidelines for each conviction, which requires the court to establish the offense gravity score and the defendant's PRS. **See Commonwealth v. Spenny**, 128 A.3d 234, 242 (Pa. Super. 2015).

> The [PRS] is based on the number and type of prior convictions the defendant has on his or her criminal record. 204 Pa. Code § 303.4(a). Each prior conviction is given a point value ranging between one and four points. **See generally** 204 Pa. Code §§ 303.7, 303.15. Sections 303.7 and 303.15 set forth the point value for every Pennsylvania criminal offense, but generally speaking (with some exceptions not relevant here), first-degree felony ("F1") convictions are either three- or four-point offenses, F2 convictions are two-point offenses and F3 convictions are one-point offenses.

---

[4] As a result of the sentencing court's use of a second-degree felony equivalent for the August 2005 conviction, two (2) points were added to Woodard's prior record score. If the trial court had used a third-degree misdemeanor, no points would have been added to the prior record score. **See** 204 Pa. Code §§ 303.7(a)(3), (5).

*Id*. Essentially, "[a] defendant who has prior convictions of F1s and F2s that total six or more points is separately classified as a RFEL, which further increases the guideline sentence." *Id*. (citations omitted).

In addition, we are mindful of the following:

> If a defendant was sentenced for a single conviction at a prior judicial proceeding, that conviction is counted in the calculation of a defendant's [PRS]. If a defendant was sentenced for multiple convictions at a single sentencing proceeding, the most serious offense is included in the [PRS] calculation, as is any other offense for which the defendant received consecutive sentences. Prior convictions for which the trial court ordered the sentences to run concurrently with the most serious offense at a single judicial sentencing proceeding are not included in the calculation of the [PRS].

*Id*. (citations omitted). The guidelines do not impose any restriction on the computation of a PRS based on convictions arising from separate judicial proceedings. *See Commonwealth v. Janda*, 14 A.3d 147, 165 (Pa. Super. 2011).

Our sentencing guidelines provide that, for defendants who have out-of-state convictions, those offenses are to be scored as "a conviction for the current equivalent Pennsylvania offense." 204 Pa. Code § 303.8(f)(1). In addition, we observe:

> … [When] determining the Pennsylvania equivalent statute for a prior, out-of-state conviction for [PRS] purposes, courts must identify the elements of the foreign conviction and on that basis alone, identify the Pennsylvania statute that is substantially identical in nature and definition to the out-of-state offense. [Therefore,] we must compare the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability to determine the Pennsylvania equivalent offense.

*Spenny*, 128 A.3d at 250 (citations and quotation marks omitted). Implicit in this analysis is the understanding that we will consider the out-of-state statute in effect at the time of the commission of the offense. *See Commonwealth v. Vandyke* 157 A.3d 535, 541 (Pa. Super. 2017).

We further observe that "[o]nce the court conducts an analysis of the elements of the foreign offense and finds the Pennsylvania offense that 'is substantially identical in nature and definition' to the out-of-state statute, the underlying record of the foreign offense may need to be considered for grading purposes." *Spenny*, 128 A.3d at 250 (citations omitted). However, if "there is no current equivalent Pennsylvania offense, [we must] determine the current equivalent Pennsylvania grade of the offense based on the maximum sentence permitted, and then apply §303.8(d)(2)."[5] 204 Pa. Code § 303.8(f)(3).

Here, the sentencing court was faced with a difficult job in assessing Woodard's prior record score from out-of-state jurisdictions. In addressing this calculation, the trial court did not elaborate on its analysis of Woodard's out-of-state convictions in compiling Woodard's PRS for the sentencing guidelines. *See* Trial Court Opinion, 7/10/23, at 1. Rather, in its written opinion, the court

---

[5] Section 303.8(d)(2) provides if no current Pennsylvania equivalent offense exists and the grading of the conviction is unknown, felonies shall be graded as a felony 3 and misdemeanors as other misdemeanor offenses, as identified in § 303.7(a)(5). *See* 204 Pa. Code 303.8(d)(2).

referenced two documents as support for its conclusion that Woodard's PRS is RFEL and offered no additional explanation other than its adoption of the two referenced documents. Specifically, the trial court stated, "[T]his [c]ourt based its March 30, 2023 sentencing order on the information contained in the [PSI,] which is attached hereto and made a part hereof as Exhibit 'A', and the information contained in Prior Record Score Calculation Memorandum, dated March 8, 2023 . . . which is attached hereto and made a part hereof as Exhibit 'B'." ***Id***.

The Prior Record Score Calculation Memorandum notes that "[t]his officer was able to determine the Pennsylvania equivalent under [section 303.8](f)(1) and did not find it necessary to resort to section [303.8](f)(3) … ." ***Id.*** at Exhibit B. While not specifically noted within the memorandum, the probation department, and by reliance, the trial court, believed the equivalent to New Hampshire's Felonious Sexual Assault crime is Pennsylvania's indecent assault statute and the equivalent to New Hampshire's Aggravated Felonious Sexual Assault crime is Pennsylvania's aggravated indecent assault statute, based upon the copies of the New Hampshire statutes attached as exhibits to the memorandum.

However, our review of the record establishes that the elements of the New Hampshire statutes at issue, NH Rev. Stat. § 632-A:3 Felonious Sexual Assault and NH Rev. Stat. § 632-A:2 Aggravated Felonious Sexual Assault, do

not match our indecent assault statute nor our aggravated indecent assault statute. *See* 18 Pa.C.S. §§ 3125, 3126.

First, at case 219-1997-CR-00115, Woodard was convicted of § 632-A:3, Felonious Sexual Assault. *See* Trial Court Opinion, 7/10/23, Exhibit B (New Hampshire Case Summary for 219-1997-CR-00115); Defendant's Memorandum on Sentencing, Exhibit A, at 1.[6] The trial court and Woodard both compared § 632-A:3 to Pennsylvania's indecent assault statute. In full, § 632-A:3 provides:

> A person is guilty of a class B felony if such person:
>
> I. Subjects a person to sexual contact and causes serious personal injury to the victim under any of the circumstances named in RSA 632-A:2; or
>
> II. Engages in sexual penetration with a person, other than his legal spouse, who is 13 years of age or older and under 16 years of age where the age difference between the actor and the other person is 4 years or more; or
>
> III. Engages in sexual contact with a person other than his legal spouse who is under 13 years of age.
>
> IV. (a) Engages in sexual contact with the person, or causes the person to engage in sexual contact on himself or herself in the presence of the actor, when the actor is in a position of authority over the person and uses that authority to coerce the victim to submit under any of the following circumstances:
>
>> (1) When the actor has direct supervisory or disciplinary authority over the victim by virtue of the victim being incarcerated in a correctional institution,

---

[6] Pagination provided.

the secure psychiatric unit, or juvenile detention facility where the actor is employed; or

(2) When the actor is a probation or parole officer or a juvenile probation and parole officer who has direct supervisory or disciplinary authority over the victim while the victim is on parole or probation or under juvenile probation.

(b) Consent of the victim under any of the circumstances set forth in this paragraph shall not be considered a defense.

(c) For the purpose of this paragraph, "sexual contact" means the intentional touching of the person's sexual or intimate parts, including genitalia, anus, breasts, and buttocks, where such contact, or the causing of such contact, can reasonably be construed as being for the purpose of sexual arousal or gratification of the person in the position of authority, or the humiliation of the person being touched.

NH Rev. Stat. § 632-A:3. We cannot be more specific, as nothing provided to this Court indicates what subsection of § 632-A:3 Woodard pled guilty to in case 219-1997-CR-00115. The indecent assault statute in Pennsylvania provides:

(a) Offense defined.—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

- 11 -

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders the complainant incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

(b) Grading.—Indecent assault shall be graded as follows:

(1) An offense under subsection (a)(1) or (8) is a misdemeanor of the second degree.

(2) An offense under subsection (a)(2), (3), (4), (5) or (6) is a misdemeanor of the first degree.

(3) An offense under subsection (a)(7) is a misdemeanor of the first degree unless any of the following apply, in which case it is a felony of the third degree:

(i) It is a second or subsequent offense.

(ii) There has been a course of conduct of indecent assault by the person.

(iii) The indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person.

(iv) The indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts.

18 Pa.C.S. § 3126. It is clear that there are different elements in each statute.

Without knowing what subsection Woodard pled guilty to, we cannot find that

- 12 -

there is an equivalent statute in Pennsylvania. As such, we now look at the maximum sentence permitted to determine what the equivalent grade is in Pennsylvania. *See* 204 Pa. Code 303.8(f)(3).

New Hampshire lists Felonious Sexual Assault as a "class B felony." NH Rev. Stat. § 632-A:3. Class B felonies have a maximum sentence of 7 years. *See* NH Rev. Stat. §§ 651:2(II)(b), 625:9(III)(a)(2). Therefore, sentences for class B felonies are equivalent to those for Pennsylvania's felony of the third degree. 18 Pa.C.S. § 1103(3).

Next, we look at New Hampshire's Aggravated Felonious Sexual Assault found at § 632-A:2:[7]

> I. A person is guilty of the felony of aggravated felonious sexual assault if such person engages in sexual penetration with another person under any of the following circumstances:
>
> (a) When the actor overcomes the victim through the actual application of physical force, physical violence or superior physical strength.
>
> (b) When the victim is physically helpless to resist.

---

[7] Woodard argues in its brief to this Court that he was sentenced on all four cases in 1998 to Felonious Sexual Assault under § 632-A:3. *See* Appellant's Brief at 16-17. However, our review of the record shows a discrepancy between the case summaries and the sentencing orders. *Compare* Trial Court Opinion, 7/10/23, Exhibit B (New Hampshire case summaries for 219-1997-CR-00116, 00117, and 00118) (listing the charge as "Felonious Sexual Assault" and the statute as "632-A:3."); with Defendant's Memorandum on Sentencing, Exhibit A, at 8, 13, 20 (wherein the sentencing orders indicate the offense as "Felonious Sexual Assault," but the statute as "632-A:2.") (pagination added for ease of reference).

(c) When the actor coerces the victim to submit by threatening to use physical violence or superior physical strength on the victim, and the victim believes that the actor has the present ability to execute these threats.

(d) When the actor coerces the victim to submit by threatening to retaliate against the victim, or any other person, and the victim believes that the actor has the ability to execute these threats in the future.

(e) When the victim submits under circumstances involving false imprisonment, kidnapping or extortion.

(f) When the actor, without the prior knowledge or consent of the victim, administers or has knowledge of another person administering to the victim any intoxicating substance which mentally incapacitates the victim.

(g) When the actor provides therapy, medical treatment or examination of the victim and in the course of that therapeutic or treating relationship or within one year of termination of that therapeutic or treating relationship:

(1) Acts in a manner or for purposes which are not professionally recognized as ethical or acceptable; or

(2) Uses this position as such provider to coerce the victim to submit.

(h) When, except as between legally married spouses, the victim is mentally defective and the actor knows or has reason to know that the victim is mentally defective.

(i) When the actor through concealment or by the element of surprise is able to cause sexual penetration with the victim before the victim has an adequate chance to flee or resist.

(j) When, except as between legally married spouses, the victim is 13 years of age or older and under 16 years of age and:

(1) the actor is a member of the same household as the victim; or

(2) the actor is related by blood or affinity to the victim.

(k) When, except as between legally married spouses, the victim is 13 years of age or older and under 18 years of age and the actor is in a position of authority over the victim and uses this authority to coerce the victim to submit.

(l) When the victim is less than 13 years of age.

(m) When at the time of the sexual assault, the victim indicates by speech or conduct that there is not freely given consent to performance of the sexual act.

(n) When the actor is in a position of authority over the victim and uses this authority to coerce the victim to submit under any of the following circumstances:

(1) When the actor has direct supervisory or disciplinary authority over the victim by virtue of the victim being incarcerated in a correctional institution, the secure psychiatric unit, or juvenile detention facility where the actor is employed; or

(2) When the actor is a probation or parole officer or a juvenile probation and parole officer who has direct supervisory or disciplinary authority over the victim while the victim is on parole or probation or under juvenile probation.

Consent of the victim under any of the circumstances set forth in subparagraph (n) shall not be considered a defense.

II. A person is guilty of aggravated felonious sexual assault without penetration when he intentionally touches whether directly, through clothing, or otherwise, the genitalia of a person under the age of 13 under circumstances that can be reasonably construed as being for the purpose of sexual arousal or gratification.

III. A person is guilty of aggravated felonious sexual assault when such person engages in a pattern of sexual assault against another person, not the actor's legal spouse, who is less than 16 years of age. The mental state applicable to the underlying acts of sexual

assault need not be shown with respect to the element of engaging in a pattern of sexual assault.

IV. A person is guilty of aggravated felonious sexual assault when such person engages in sexual penetration as defined in RSA 632-A:1, V with another person under 18 years of age whom such person knows to be his or her ancestor, descendant, brother or sister of the whole or half blood, uncle, aunt, nephew, or niece. The relationships referred to herein include blood relationships without regard to legitimacy, stepchildren, and relationships of parent and child by adoption.

NH Rev. Stat. § 632-A:2. Again, we cannot be more specific than referencing the entire statute, as none of the records provided to this Court indicate what subsection was the basis of Woodard's plea.

The trial court found that the equivalent offense in Pennsylvania is aggravated indecent assault, 18 Pa.C.S. § 3125, and graded the equivalent offense as a felony of the first degree.[8] It is possible that Woodard pled guilty under § 632-A:2(II) as quoted above, which does not require penetration. *See* NH Rev. Stat. §632-A:2(II). As such, the elements of § 632-A:2 are not the equivalent of aggravated indecent assault, which requires "penetration, however slight." 18 Pa.C.S. § 3125(a). Without knowing which subsection was

_____

[8] Notably, the adult probation department, and the trial court, must have relied upon Woodard's provided documents to create the equivalent offense of aggravated indecent assault graded as a felony of the first degree. The only way to grade aggravated indecent assault as a felony of the first degree is if the victim is under 13 years of age. *See* 18 Pa.C.S. § 3125(b), (c). The case summaries which the adult probation department relied on do not include any facts regarding the conviction. However, Woodard provided the indictments, which do include the age of the victim.

the basis of Woodard's plea, we cannot agree that there is a Pennsylvania equivalent offense.

As explained above, New Hampshire has a traditional breakdown of the grading of offenses and the maximums allowed. **See** NH Rev. Stat. §§ 651:2, 625:9. However, aggravated felonious sexual assault has its own penalty. **See** NH Rev. Stat. § 632-A:10-a. The maximum term for aggravated felonious sexual assault is 20 years.[9] **Id.** The Pennsylvania equivalent is a felony of the first degree. 18 Pa.C.S. § 1103(1).

Finally, we turn to Woodard's 2005 New Hampshire conviction in the 7th Circuit District Division of Rochester at case number 471-2005-CR-03950. The New Hampshire case summary on the matter indicates a conviction under NH Rev Stat § 651-B:5, which at the time of the conviction was titled "Change of Name/Alias/Address; Duty to Inform" and was graded as a "Class A Misdemeanor." **See** Trial Court Opinion, 7/10/23, at Exhibit B (New Hampshire Case Summary for 471-2005-CR-039050). The trial court believed the equivalent Pennsylvania offense is found at 18 Pa.C.S. § 4915.1, failure to comply with registration requirements. Section 4915.1, unless certain exceptions are present, is graded as a felony of the second degree. On the

---

[9] Although not relevant here, New Hampshire does provide for a higher sentence for second or subsequent offenses. **See** NH Rev. Stat. § 632-A:10-a(II).

sentencing guideline form, the sentencing court listed this crime as a Felony 2 offense, which added two (2) points to the prior record score.

Pennsylvania's failure to comply with registration requirements demands the defendant "knowingly fail" to comply with his or her sexual offender registration requirements. *See* 18 Pa.C.S. § 4915.1(a). New Hampshire's revised statute § 651-B:5 does not specifically enumerate the *mens rea* required. Woodard argues that the penalties statute found at § 651-B:9 provides the *mens rea* as "negligently fails to comply" because the case summary lists the charge as a misdemeanor. *See* Appellant's Brief, at 29. Our review of that statute, however, shows that Woodard relies upon the current version of § 651-B:9. The prior version of NH Rev. Stat. § 651-B:9 (eff. Jan. 1, 2006) required the defendant to "knowingly fail to comply" to classify the crime as a misdemeanor. *Id.*

This is a prime example of why it is imperative that the courts compare the statute in effect at the time of conviction to Pennsylvania's current equivalent offense. Upon remand, the trial court is directed to compare the statutes in effect at the time of Woodard's convictions in New Hampshire with Pennsylvania's equivalents. If there is no Pennsylvania equivalent, the trial court is directed to follow the rules laid out above and at 204 Pa. Code § 303.8, and the applicable case law.

Unfortunately, there were significant errors in both the PSI and probation officer's memorandum in evaluating Woodard's out-of-state

convictions for purposes of calculating his PRS. We are unable to determine if the sentencing court properly applied a PRS of RFEL because of the misapplication of the law for determining the Pennsylvania equivalent statutes for Woodard's prior, out-of-state convictions.

Clearly, Woodard has an extensive record of crimes related to sexual assault, which justifiably was a major concern to the sentencing court. In light of Woodard's prior record, as well as his current conviction of another sex offence, we agree that the sentencing court may decide to sentence within, above or below the guidelines. However, because of the errors noted above, we are constrained to vacate Woodard's judgment of sentence and to remand for the trial court to determine Woodard's PRS and for resentencing and establishment of a record that justifies the PRS and the guideline sentencing form.

Concerning Woodard's remaining two issues, wherein he raises additional challenges to the discretionary aspects of his sentence, we will not address those issues because we are remanding for resentencing.

Conviction affirmed. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/26/2024