J-S06027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRENNA JADE DIMITROFF | : | |
| | : | |
| Appellant | : | No. 1105 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 25, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001390-2023

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: June 3, 2026**

Brenna Jade Dimitroff ("Dimitroff") appeals from the judgment of sentence imposed following the revocation of her probation for retail theft.[1] Because her claim is waived, we affirm.

We summarize the relevant factual and procedural history from a limited certified record.  Dimitroff pleaded guilty to the above listed offense in July 2023.  **See** Order, 8/21/23.  The trial court sentenced her to two years of probation.  **See id**. at 1.  In July 2025, Dimitroff pleaded guilty to hindering apprehension or prosecution and retail theft.[2]  **See** N.T., 7/25/25, at 3, 7. Dimitroff also stipulated to violating the conditions of her probationary

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 3929(a)(1).

[2] **See** 18 Pa.C.S.A. §§ 5105(a)(1), 3929(a)(1).

sentence. *See* Dimitroff's Brief at 3. The Violation of Probation ("VOP") court revoked her probation and resentenced Dimitroff to two to four years of incarceration.[3] Dimitroff filed a post-sentence motion for reconsideration which the VOP court denied. Dimitroff timely appealed; the VOP court did not order her to file a 1925(b) concise statement of matters complained of on appeal and opted to rely on its sentencing order rather than file a 1925(a) opinion. *See* Order, 9/3/25.

Dimitroff raises the following issue for our review:

> Did the trial court abuse its discretion when it sentenced [Dimitroff] to a period of incarceration of [two to four years], an upward departure of nineteen . . . months above the aggravated range suggested by the 7th Edition Sentencing Guidelines, without articulating appropriate reasoning on the record?

Dimitroff's Brief at 2.[4]

Our review of appeals from a sentence imposed after the revocation of probation is limited to assessing "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Slaughter*, 339 A.3d 456, 464 (Pa. Super. 2025) (citation omitted). Dimitroff's issue implicates the discretionary aspects of sentencing.

---

[3] Dimitroff committed her underlying offense in June 2023. The Resentencing Guidelines to the Seventh Edition Sentencing Guidelines, Amendment 1, apply to revocations of probation for "all offenses committed on or after January 1, 2021, but prior to January 1, 2024[.]" 204 Pa. Code § 307.2(b)(2).

[4] While Dimitroff refers to the sentencing guidelines, we note the resentencing guidelines applied, as this was a violation of probation and resentencing.

Our standard of review for challenges to the discretionary aspects of sentencing is well settled: "The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Id*. at 465 (quoting ***Commonwealth v. Stewart***, 327 A.3d 301, 304 (Pa. Super. 2024) (citation omitted)). An abuse of discretion is more than an error in judgment. *See **Commonwealth v. Lucky***, 229 A.3d 657, 663 (Pa. Super. 2020). To demonstrate an abuse of discretion, an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id*. The sentencing court must consider the factors set forth in Subsection 9721(b) of the Sentencing Code when imposing a sentence of total confinement after a probation revocation.[5] *See **Commonwealth v. Derry***, 150 A.3d 987, 994 (Pa. Super. 2016); ***Commonwealth v. Martin***, No. 1253 WDA 2024, 2025 WL 1704405 at *6 (Pa. Super. June 18, 2025) (non-precedential memorandum).[6]

---

[5] Subsection 9721(b) requires "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

[6] Pursuant to Pa.R.A.P. 126(b), we may rely on unpublished memoranda issued after May 1, 2019, for their persuasive value.

Further, this Court has explained challenges to the discretionary aspects of sentencing are not appealable as of right; rather,

> an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975 (Pa. Super. 2019) (citation omitted; brackets in original); *see also* 42 Pa.C.S.A. § 9781(b).

> A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Brown*, 249 A.3d 1206, 1211 (Pa. Super. 2021) (internal citation omitted).  "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004).

An appellate court will not lightly disturb the trial court's sentencing judgment because the judge is in the best position to "review the defendant's character, defiance or indifference, and the overall nature of the crime." *Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (internal citation and quotations omitted).

Dimitroff argues her sentence was above the aggravated range and the trial court failed to state the reasons for the upward departure on the record. No copies of the resentencing guideline form utilized by the VOP court have been provided.

Dimitroff waived her claim by not preserving it in her post-sentence motion. **See Commonwealth v. Kittrell**, 19 A.3d 532, 538 (Pa. Super. 2011). Dimitroff's motion for reconsideration does not assert the VOP court abused its discretion by sentencing above the aggravated range without appropriate reasoning. **See** Motion for Reconsideration, 8/1/25, at 1-2. Indeed, her motion neither asserts she was sentenced in the aggravated range nor references the sentencing guidelines. **See id**. Thus, her claim is waived.

Moreover, Dimitroff had an obligation to ensure the record forwarded to this Court contained the documents necessary to allow for our complete and judicious assessment of her issues raised on appeal. **See Commonwealth v. Shreffler**, 249 A.3d 575, 584 (Pa. Super. 2021). Based on the information provided, we are unable to determine the applicable resentencing recommendations because no document of record indicates Dimitroff's prior record score or the standard range under the resentencing guidelines. **See id**. (explaining we may only consider documents of record). Dimitroff asserts the aggravated range for her sentence was "just five . . . months of incarceration." Dimitroff's Brief at 10. We cannot, based on the limited information provided, confirm this assertion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/03/2026